Thacher, J.,
said that, in his opinion, the inhabitants of the town of Lancaster ought to have been notified by the committee of the time and place of their meeting to lay out the highway; and that this did not appear, by the record, to have been done. As, therefore, the first error was well assigned, the order of the Court of Sessions ought to be quashed.
Sedgwick, J.
It is impossible for me to entertain a doubt as to the law or justice of this case. By the process before the Court, the inhabitants of the town of Lancaster complain that the court below have established a road, in which that town is immediately interested, and must be known to be so, without their having been notified, and thence having an opportunity to be heard relative to that interest. The counsel for the town has referred the Court to the tenth article of the Bill of Rights of the Constitution, to prove that property cannot be appropriated to the public use without compensation ; and he says, justly, that this constitutional provision will be violated, in this instance, unless, by “ seasonable notice,” [ * 88 ] the town has an opportunity * to defend its interest. But it is unnecessary, in this case, to define the limits of this constitutional provision. Justice undoubtedly requires that the interest of none, whether natural persons or corporations, should be affected by judicial proceedings, without having opportunity, by notice, to be heard, wherever such notice is practicable. And in conformity to this just principle, the very act, under which these proceedings have been had, has required that the committee “ shall give seasonable notice, to all persons interested, of the time and place of their meeting,” before they proceed to perform their duty. Unless they do this, it is impossible to say that their acts ought to be established ; and that they have done it the Court ought to be judicially informed. Now, .the utmost the committee have done is *67 to inform the Court that they had complied with the directions oj their warrant. They have, then, undertaken to judge what is “ seasonable notice,” and who were the “ persons interested.” This, beyond all question, is the province of the Court; and to enable it to judge correctly, the committee ought to have stated in their report what notice had been given, and at what time, that it might appear it was “ seasonable,” and actually given to all persons in terested.
It is said that the committee are under oath, and that it is not to be presumed that they have acted partially or improperly. To this it may be answered that, in this regard, they are merely ministerial, and that to enable the Court to determine whether they have conducted properly and impartially, it must be known how and when their acts have been performed ; and that unless this was done, the judicial functions of the Court would be transferred to the committee. Their doings are like the acts of returning officers, who are obliged to certify how and when those acts were performed. * I am clearly of opinion that the order of the [ * 89 ] Court of Sessions must be quashed. (1)
Strong, J.
Excepting the general error, the only error assigned is that the inhabitants of Lancaster were not notified. It may, perhaps, be a question whether a town or corporation is a person within the intent and meaning of the statute; but, for the decision of the case before the Court, it is not necessary to enter into that inquiry. Under the general error the Court must look into the whole record. By the record it does not appear to the Court that any person was notified. Natural reason and justice, as well as the statute, require that notice should have been given to all persons interested. And by the rules of law it ought to appear by the record that such notice was given. This case has been very properly compared to that of a sheriff who returns that he has served his precept according to law. Neither sheriffs nor the committee are judges of that; but they are respectively obliged to return, specifically, what they have done, that the Court may see whether their doings have or h'ave not been according to law. As the committee have not made such a return, I am clearly of opinion that the proceedings must be quashed.

Order of Sessions quashed.

The entry was directed to be made; “ Because it doth not appear in the record and proceedings aforesaid, that the said committee appointed by the said Court of General Sessions of the Peace, to lay *68 out the road aforesaid, did obey the command of the same Court expressed in the warrant now shown, by giving seasonable notice of the time and place of their meeting for the purpose aforesaid, to persons interested therein; it is considered by the Court here that ■ the same proceedings of the Court of General Sessions [ * 90 ] aforesaid, in accepting the said report * of the committee aforesaid, and in allowing and establishing the way therein described for a public highway, be annulled, vacated, and rendered wholly void.” (1)

 Etv ide the case of Davis vs. Maynard, post, vol. ix. 242, when an officer returned upon an execution that “ after advertising as the law directs," he had sold an equity vf redemption. This was holden insufficient to pass the title. [Sed quaere.—Ed.]

 Vide post, vol. ii. 118, Commonwealth vs. Metcalf, where the Court quashed the proceedings of a court of sessions in laying out a town-way, because it did not appeal on the face of the proceedings that the town had notice, although it was stated that in fact the town had seasonable notice, appointed agents, and appeared before the committee.