Parker, C. J.
This is an attempt to try over again a matter, which has been a long time since tried and determined by a tribunal chosen by the parties, in conformity to their mutual agreement in the policy. The same facts, which are now set up as a ground of action, were then insisted upon as a defence against the claim under the *122 policy. There can be no doubt, if it had been maintained by evidence, 'the defence would have been successful before the arbitrators.
[*137]' * It appears from the report of the trial, that the underwriters were advertised of their failure of evidence, and tho‘ at opportunity was offered them of a further day, in order that they might procure testimony to prove their defence, which was, unquestionably, good in principle. But they chose to submit to a decision, notwithstanding the warning ; and they paid the money agreeably to the award.
If they could now prove that evidence was fraudulently concealed, or that the arbitrators were imposed upon by any false statements of the defendant, the case might be different.† But they pretend to do nothing more than to renew their old complaint, without any thing to justify the renewal of a dispute, which was heretofore adjusted in a mode then thought best by both the parties.
This was, at least, a voluntary payment of money by the underwriters, which cannot be recovered back, unless some circumstance of mistake, fraud, or circumvention, is proved, as the actuating cause of the payment.‡ A paroi submission to arbitrators, and a performance of their award, is a good bar to an action founded on simple contract.§

Judgment on the verdict.

 Bean vs. Farnum, & al., 6 Pick. 269. — Jones vs. Boston Mill Corporation, 6 Pick 348.

 Wallis vs. Wallis, 4 Mass. Rep. 135. — Gates vs. Winslow, 1 Mass. Rep. 65

 Newburyport M. Ins. Co. vs. Oliver & al., 8 Mass. Rep. 65 [Richardson vs. Suffolk Ins. Co., 3 Metc. Rep. 573. — Ed.]