Parker, C. J.
There can be no doubt, that the covenants in the lease were binding upon Weeks, although Fijield, who was intended to be a party to it, never executed it.† Each party would have been bound jointly and severally, had both executed the indenture ; and the execution by one, who took possession under the lease, must have made the contract complete as to him. ‡
As to the second question, whether the defendant is liable on bis promise, which, although in writing, contained no words showing the consideration for which it was given ; it is to be observed, that it has never yet been determined in this Commonwealth, that such particularity is necessary.§ But, if it had been so decided, we think a written engagement upon the back of a lease, that the parties to it should perform their undertakings, sufficiently expresses the consideration. For it may and ought to be presumed, that the lease would not have been obtained without such guaranty, and the permitting of one to occupy, in consideration of the promise in writing of another to pay the rent, is, we think, sufficient to raise a consideration of the promise.ǁ
[ * 140 ] * The third objection is answered by the verdict of the jury. It surely cannot be pretended that a party, knowing of a formal defect in an instrument, which he undertakes shall be performed by one of the parties, shall take advantage of such informality, as against one who may be ignorant of the defect. If the *125 guaranty was intended to be delivered as it was, the defendant reserving to himself a right to set up the defect whenever he should be called upon to perform his promise ; this would be a fraud, which would not entitle him to any favor, beyond what strict law would give him.† The jury have found, that the writing was intended to be delivered, without regard to the procuring of Fifield's name to the lease ; and they determined rightly upon the evidence reported.

Judgment on the verdict.

 Cutter vs. Whittemore, 10 Mass. Rep. 442. — Sed vide Bean vs. Parker & al., 17 Mass. Rep. 591.

 Quaire, if, after entry and enjoyment under the lease, they were not both liable ? Co. Lit. 231. — Burnett vs. Lynch, 5 B. C. 596. — 8 D. & R. 368 — Eure vs. Strickland, Cro. Jac. 240. — Butt vs. Cumberland, Cro Jac. 399, 521. — 3 Bulst. 163. — 1 Rolle, 359. — 2 ib. 63. — Poph. 136. — Godd. 276. — Wooton vs. Hele, 1 Mad. 291, 292. — 4 Cruise, Dig. 393, 3d ed. — Com. Dig., Con., A.— 1 Vin. Ab., Cond. 1, a. 2. — Dyer, 136, pl. 66. — Locke vs. Wright, 1 Str. 570. — 8 Mod. 40. — 38 Ed. 3, 8. a. — 3 H. 6, 26. —45 Ed. 3, 11, 12. — Staines vs. Morris, 1 Ves. & B 14.— Platt on Cov., p. 18.— Hawkins vs Sherman, 3 Car. P. 462.— Com., Land, Ten. 273.

 It has since been held, that it is not necessary that the consideration should be in writing. Packard vs Richardson, 17 Mass. Rep. 122. — Sed vide note to Lent & al. vs. Padelford, 10 Mass. Rep. 237, 3d ed.

 Hunt vs. Adams, 5 Mass. Rep. 358. — Carver vs. Warren, 5 Mass Rep. 545.— Bailey vs. Freeman, 11 Johns. 221. — Leonard vs. Vredenburgh, 8 Johns. 29. — Stadt vs. Lill, 9 East, 348. — 1 Camp. 342 — Warrington vs. Thurber, 6 East, 89. — Russell vs. Mosely, 6 Moore, 521. — 3 Br. & Bingh. 21]. — Boehm vs. Campbell, 3 Moore, 15. — Morris vs. Stacey, 1 Holt, N. P. C. 153. — Pace vs Marsh, 1 Bing. 216. — Mosely vs. Boothby, 3 Bing. 106. — Saunders vs. Wakefield, 4 B. A 595. — Stead vs. Lidiard, 8 Moore, 2. — 1 Bingh. 196.

 Vide Cutter vs. Whittemore, 10 Mass. Rep. 445.—Johnson vs. Baker, 4 B. & A. 440