### MOORE *against* ELLSWORTH.

| 3 | 483 |
| 71 | 171 |

A tenant for life is without impeachment of waste.

To constitute a defence to an action on contract, on the ground of fraud in the consideration, the fraud must be total.

A partial failure of consideration may be taken into view, in estimating damages.

Decided at
New-London,
July 17, 1821.

THIS was an action of *assumpsit*, brought on a writing signed by the defendant, in these words : " I promise to account

*Hartford,*
*June,*
*1821.*

Moore
*v.*
Ellsworth.

with *William Moore,* for 363 dollars, 83 cents, with interest, or secure debts due from him to this amount. *June* 16, 1819." The consideration stated for this contract, was, a lease executed by the plaintiff to the defendant, and a policy of insurance procured by the plaintiff, payable to the defendant. The lease was as follows : " Know all men by these presents, that whereas I owe *Martin Ellsworth* 1000 dollars, I hereby lease unto him, to use and improve for one year from the 16th of *June,* 1816, a certain piece of land [describing it] with liberty to cut all the wood and timber on said land, and convert the same to money, at his discretion, and to apply the avails on notes he holds against me." The policy of insurance was one for 1000 dollars, on the life of the plaintiff, for one year ; for which the plaintiff paid 30 dollars. The object of the lease was to enable the defendant, within the year, to cut and carry away the wood then growing on the premises. The object of the policy of insurance was, to indemnify the defendant, in the event of the termination of the lease, by the death of the plaintiff, within the year. The interest which the plaintiff had in the premises, was acquired, by virtue of the following clause in the will of his father, *Elisha Moore :* " *Item,* I give [the premises] unto my son *William Moore,* to improve during his life-time, for the benefit of himself and family, and the education of his children, and then to be equally divided among his children." The defendant claimed, that the plaintiff, under this devise, was vested with an estate for life only in the premises, and was incapable of granting the timber growing thereon ; and consequently, that the consideration for the writing on which the action was founded, had wholly failed. The defendant also claimed, and adduced some evidence to prove, that there was actual fraud in the consideration. The judge charged the jury as follows : " What estate the plaintiff took, by virtue of the will of *Elisha Moore,* it is not necessary now to decide. It is sufficient, that he had a beneficial interest in the premises, which he was capable of demising. A good or valuable consideration is essential to the validity of a contract ; and a fraudulent consideration renders a contract void ; but the fraud must be total. If, then, you find, that the defendant entered into this contract, upon the consideration stated, and that it was not wholly fraudulent, your verdict will be for the plaintiff ; otherwise, for the defendant."

The plaintiff having obtained a verdict, the defendant moved for a new trial, on the ground of a misdirection.

*Hartford,*
*June,*
*1821.*

Moore
*v.*
Ellsworth.

*T. S. Williams* and *W. W. Ellsworth,* in support of the motion, after remarking, that if the defendant had not a right to cut and dispose of the wood growing on the premises, the consideration had failed, in the only relation, in which it operated upon the minds of the parties to make the contract, contended, among other points, which it is unnecessary to state, 1. That a tenant for life has no right to commit waste, or to authorize the commission of it. First, an action lay, by the common law of *England,* against tenant for life, for committing waste. *Bract.* 315. *b.* 316. 1 *Reeves' Hist. Eng. Law* 386. 2 *Id.* 73,4. 148. 2 *Swift's Syst.* 83. Secondly, the statutes of *Marlbridge,* 52 *Hen.* III. *c.* 23., and of *Glocester,* 6 *Edw.* I. *c.* 5., making tenants for life, or for any less estate, punishable for waste, which were in force, when our ancestors left *England,* and made their first settlements in this country, constitute a part of our own common law. Thirdly, courts of chancery, upon principles which govern those courts, will restrain tenants for life from the commission of waste.— 3 *Wooddes.* 399. 2 *Bla. Comm.* 283. n. (13).

2. That a contract becomes void, by the entire failure of the consideration. 1 *Pow. Con.* 147. *Bliss* & al. v. *Negus,* 8 *Mass Rep.* 46. 50. *Hill* v. *Gray,* 1 *Stark. Rep.* 434. *Frisbee* v. *Hoffnagle,* 11 *Johns. Rep.* 50. *Bowers* v. *Hurd,* admr. 10 *Mass. Rep.* 430.

3. That if there be a partial failure only, the jury are to take it into consideration in their assessment of damages.— The same rule prevails in an action on an express promise, as on a *quantum valebat.* *Cole* & al. v. *Gower* & al. 6 *East* 110. *Miller* v. *Smith,* 1 *Mason* 437. *Jones* v. *Scriven,* 8 *Johns. Rep.* 453. *The Phoenix Insur. Co.* v. *Figuet,* 7 *Johns. Rep.* 385.

*Daggett,* contra, contended, 1. That the defendant, as lessee of the plaintiff, could have lawfully cut off the wood on the premises. The plaintiff, at the time he gave the lease, had this right, first, as tenant for life. *Com. Dig. tit.* Waste. A. 2. C. 4. 2 *Co. Inst.* 301. 2 *Saund.* 252. *a.* n. 7. Secondly, the plaintiff had this right, by virtue of the terms of his father's will; which gave him not merely a life estate in the

*Hartford,*
*June,*
*1821.*

Moore
*v.*
Ellsworth.

land, but provided that he should have it " for the benefit of himself and family, and for the education of his children."— *Wilford* v. *Rose,* 2 *Root* 20.

2. That the consideration, upon the facts not controverted, was sufficient. The plaintiff had, indisputably, a beneficial interest in the land ; of which he gave the defendant a lease. He also procured, for the benefit of the defendant, a policy of insurance, for which he paid 30 dollars. These acts of the plaintiff constituted a sufficient consideration, whether the defendant in fact received any benefit from them or not.

3. That if the defendant could have any relief from this contract, it must be sought either in equity, or by action of fraud.

4. That there was no foundation laid, by the statement of the defendant's case, for setting aside the contract, on the ground of fraud.

HOSMER, Ch. J.   The contract on which this action is brought, and a part performance of the consideration, so far as relates to the procurement of a policy on the plaintiff's life, and the assignment of it to the defendant, are admitted. It was an essential part of the consideration, that there should be a lease of certain land given to the defendant, and permission to fell the wood and timber growing upon it, and the avails were to be applied to the plaintiff's debts. It is conceded, that the lease was executed, and that the plaintiff was tenant for life of the premises ; but the defendant insists, that a tenant of this description has no right to commit, or authorize the commission, of waste ; and this is the only objection to a full performance of the consideration. Now, if a tenant for life is without impeachment of waste, the objection fails, and the judgment below is correct.

I am of opinion, that the plaintiff had an estate for life only in the premises ; and shall assume this as the basis of my judgment. That a different opinion has been entertained on this subject, I am well aware ; but the exigencies of the case do not require a broader ground than the one assumed ; and I gladly avail myself of this privilege, (for such I deem it,) of omitting an investigation, which, hereafter, in this state, since the abrogation by statute (*a*) of the rule in *Shelley's* case, will be merely a speculative question.

(*a*) *Stat.* 301. rev. 1821.

It is said by *Bracton*, who lived in the reign of *Hen.* III., and completed his treatise on the laws and customs of *England*, before the fifty-second year of that king's reign, that *waste might not be committed by tenant for life*.   *Bract.* 315. *b.* 316. This is all the evidence of the law, produced by those, who contend for the doctrine.

On the other hand, the statute of *Marlbridge*, passed in the 52 *Hen.* III., provides a remedy for the waste done by tenant for life ; and from this it is a reasonable, though not conclusive inference, that at common law there was no remedy existing, or that the remedy was doubtful.

It is said, by Sir *Edward Coke*, in his second *Institute*, p. 145. that waste was  punishable at common law in tenant in dower, tenant by the curtesy, and a guardian ; but not in ten-ant for life or for years ; and for the distinction he assigns this reason ; that the law which created the former of these estates and interests, provided a remedy itself against waste, but left the owners of land, who created the others, to provide a re-medy in their demise.    This reason, *Reeves*, in his history of the *English* law, considers as only plausible, and the diversity as ideal.    But visionary as he supposes it to be, it has been embraced as sound, by the most eminent *English* jurists ; and the common law, as stated by Lord *Coke*, has been recogni-zed, by all the respectable law-writers in *England*, to the pre-sent time.    And it must not be forgotten, that Sir *Edward Coke* appeals to " the rule of the *Register*," for the doctrine which he affirms.    Chief Baron *Comyns*, whose opinion alone was said, by Lord *Kenyon*, to be an authority, declares in his *Digest*, that " By the common law, waste did not lie against lessee for life or years ; for it was laches in the lessor, that he did not provide against waste."   *Tit.* Waste. A. 2.    In the second volume of his *Commentaries*, p. 282,3. it is said, by Sir *William Blackstone*, that " Waste was not punishable in any tenant, save only in three persons ; guardian in chivalry, tenant in dower, and tenant by the curtesy ; and *not in tenant for life or years*.    And the reason of the diversity was, that the estate of the three former was created by act of law itself, which, therefore, gave a remedy against them; but tenant for life or for years, came in by the demise and lease of the owner of the fee, and therefore he might have provided against the committing of waste by his lessee ; and if he did

*Hartford,*
June,
1821.

Moore
*v.*
Ellsworth.

Moore
*v.*
Ellsworth.

not, it was his own fault." It is laid down by *Cruise,* in the first volume of his *Digest,* p. 68. s. 35. that " By the common law, where lands were granted to a person for life, he was not liable to an action for waste, unless he was restrained, by particular words in his conveyance, from committing waste; because it was in the power of the person who created the estate, to impose such terms on the tenant as he thought proper." If it be said, that the persons, whose works are cited, found themselves on the doctrine and reasons of Sir *Edward Coke,* it will not be denied. It only proves, that the authority of *Bracton* cannot stand in competition with the transcendant authority of the great law luminary, in the opinion of celebrated jurists, perfectly capable of appreciating their respective merits.

The law, as applicable to the situation and condition of this as of the mother country, accompanied our ancestors in their migration hither; and having never been abrogated or altered, it is the law of the state, at the present time. It results, necessarily, that there was a complete fulfilment of the consideration of the contract in question, on the plaintiff's part; and that the objection of the defendant is entirely untenable.

As full justice has been done to the defendant, it is not requisite to enter into any enquiry concerning the charge to the jury. I will, however, remark, that to constitute a defence to an action on contract, the fraud must be total; but if the consideration has not been entirely performed, this may be taken into consideration in estimating damages. *Fisher* v. *Samuda* & al. 1 *Campb.* 190. *Basten* v. *Butter,* 7 *East* 479. *King* v. *Boston,* 7 *East* 481. n. *Miller* v. *Smith,* 1 *Mason* 437. *The Phoenix Insur. Co.* v. *Figuet,* 7 *Johns. Rep.* 385.

I would not advise a new trial.

The other Judges were of the same opinion.

New trial not to be granted.