*Litchfield,*
June,
1825.

Barkhamsted
*v.*
Case.

The inhabitants of the town of BARKHAMSTED *against* CASE :

IN ERROR.

The failure of title in the vendee of land, through the grantor's want of right to
sell, without fraud, is not a ground of relief in equity against a security given
for the purchase money.

If there be total fraud in the consideration of a promissory note, the maker has
adequate remedy at law, by defence against such note.

This was a bill in chancery, brought originally to the county court of *Litchfield* county, by *Dudley Case*, against the town of *Barkhamsted*, for relief against a promissory note for 29 dollars, given by the plaintiff, to *Josiah A. Hart*, treasurer of that town.

The lands in *Barkhamsted* were antiently held, by the proprietors, in common. In 1780, they were laid out into divisions, tiers and lots, which were aparted among the proprietors in severalty; they reserving a portion of such lands between the tiers for highways, and bounding the lots thereon. On the 2nd of *April*, 1814, the agents of the town, duly authorized, agreed with the plaintiff to sell him a part of the land, so reserved, upon which no highway had ever been laid out, and which had never been used as a highway, declaring and believing that they had power to sell it so as to convey the fee thereof; and they accordingly executed and delivered to the plaintiff a deed thereof, releasing to him all the right, title and interest of the town therein. The only covenant in the deed was, that neither the town, nor any of the inhabitants thereof, would claim any right or title to the premises, or any part thereof After the delivery of the deed, the agents of the town, supposing the fee of the land had been conveyed to the plaintiff, took from him a promissory note for the purchase money, *viz.* 29 dollars, payable to the town treasurer; which was given for no other cause or consideration. At the time of the execution of the deed, the plaintiff was in possession of the land therein described, and owned other lands adjoining thereto. The defendants have commenced, and are now prosecuting, for their own benefit, a suit at law on the note so given by the plaintiff.

The court decided, that the agents of the town had no power to convey, and did not convey, any title to the land in question to the plaintiff; and that the note given by him was given without any just cause or consideration. The court therefore decreed, that the suit on the note should be discontinued; and

that the note should be given up to the plaintiff to be cancelled. To obtain a reversal of this decree, the defendants brought a writ of error in the superior court ; and the questions arising thereon were reserved for the consideration and advice of this Court.

*W. G. Williams* and *J. W. Huntington*, for the plaintiffs in error, contended, That the original plaintiff was not entitled to a decree in his favour,

1. Because if he was entitled to any relief, he had adequate remedy at law. The decree proceeds on the ground of a *total failure of consideration* ; and that being established, the party has a good defence at law, and may avail himself of it in the suit now pending on the note. *Moore* v. *Ellsworth*, 3 *Conn. Rep.* 483. *Bliss* & al. v. *Negus*, 8 *Mass. Rep.* 46. 50. *Frisbee* v. *Hoffnagle*, 11 *Johns. Rep.* 50. *Greenleaf* v. *Cook*, 2 *Wheat. Rep.* 13. *Hill* v. *Gray*, 1 *Stark.* 434.

2. Because there has been no eviction under a paramount title. *Bumpus* v. *Platner* & al. 1 *Johns. Chan. Rep.* 213. *Mead* v. *Johnson*, 3 *Conn. Rep.* 592.

3. Because the mere failure of title, without fraud, is no ground for relief in equity. If the party has taken covenants to secure the title, he has his remedy upon them ; if not, a court of chancery cannot help him. *Chesterman* v. *Gardner*, 5 *Johns. Rep.* 29. 2 *Swift's Dig.* 41. 45. 6, 7. 60. 94. 93. 100.

4. Because the fee of the land in question, after the proprietors had made the reservation, and at the time of the sale by the town, was not in the plaintiff as adjoining proprietor. First, it was not *intended*, by the act of reservation, to convey the fee of the land to any individual or individuals. Secondly, if it had been so intended, it did not become a highway, without the assent of the town, express or implied. The proprietors could not, by reserving land for a highway, make it such ; and thus cast the burden of supporting it on the town, without their consent. The record discloses no express assent ; nor any user, from which an assent might be implied. Thirdly, for aught that appears, the proprietors have always been adjoining owners ; for though there was an allotment in severalty, it does not appear that it ever was recorded ; but without such record, the estate still remains a tenancy in common. *Stat.* 447, 8. ed. 1808. Lastly, there is no authority that the fee of a highway is in the adjoining proprietor, merely because he is adjoining proprietor. This will appear from an examination of the

cases in the *English* books, as well as those decided in this state.

*P. Miner* and *Miller*, for the defendant in error, contended,

1. That the fee of the lands reserved for highways, on laying out the town into lots in severalty, and bounding those lots on them, became a component part of the lots, subject to the easement only, and by the partition was vested in the adjoining proprietors. *Peck* v. *Smith*, 1 *Conn. Rep.* 124 to 129. 131. 132. 133. 147. The same general doctrine is advanced and supported in *Stiles* v. *Curtiss*, 4 *Day*, 328.

2. That if the fee was not in the adjoining owners, still the orininal proprietors had parted with all their interest in the land; and the town could not sell it. This is consistent with the opinions of all the judges in *Stiles* v. *Curtis* and *Peck* v. *Smith.*

3. That the town could not sell this land, as a highway, because it was not a highway laid out by the select-men. *Stat.* 272, 3.

4. That the town would have had no power to sell the land, even if the select-men had laid out the highway; for the town never owned *the land;* a highway being only an *easement* on the land. *Peck* v. *Smith*, 1 *Conn. Rep.* 103. *Jackson* d. *Yates* & al. v. *Hathaway*, 15 *Johns. Rep.* 447.

5. That the consideration having failed, through a mistake regarding the rights of the town, this is a proper case for the interposition of a court of chancery. *Bingham* v. *Bingham*, 1 *Ves.* 126. 1 *Madd. Chan.* 62. *Gillespie* & ux. v. *Moon*, 2 *Johns. Chan. Rep.* 585. 2 *Swift's Dig.* 92. 94. 100. If the plaintiff was entitled to any relief, the propriety of the decree passed, is unquestionable.

HOSMER, Ch. J. The ground on which the decree in this case was rendered, by the county court, undoubtedly was, that the promissory note executed to *Barkhamsted*, was totally without consideration, by reason of the non-existence of the title to the land sold; and therefore, that such note was fraudulent and void. If there was no fraud and no covenant to secure the title, the purchaser has no remedy for his money, even on failure of title, either at law or in equity. *Abbott* v. *Allen*, 2 *Johns. Chan. Rep.* 519. *Chesterman* v. *Gardner*, 5 *Johns. Chan. Rep.* 29. 2 *Swift's Dig.* 45. The grantee of land, if he take no covenants, and there be no fraud in the sale, has assumed on himself the

risk of title : and any security given by him for the purchase money, is on a legal consideration. The bill of the plaintiff before the county court charged no fraud, without which allegation, fraud was not in issue; (*James* v. *McKernon,* 6 *Johns. Rep.* 543. 559. *Gouveneur* v. *Elmendorf,* 5 *Johns. Chan. Rep.* 79. 83.) and from the facts exhibited in the finding of the court, the entire case seems to have been, that *Barkhamsted* believed and affirmed, that they had title, when in fact they had none, and *Case,* confiding in the same, purchased the land in question, and gave in payment the note now in suit. The maxim of *caveat emptor* peculiarly applies in this case. The defendant in error should have taken proper covenants to guaranty the title. In a matter embracing neither fraud nor covenant, the purchaser acts at his own risk, and voluntarily foregoes any remedy, if the title should fail.

In all events, the county court was authorized to grant the prayer of the plaintiff's bill, in the manner that they did, only on the basis of total fraud in the consideration. Now, if such fraud existed, there was adequate remedy at law, by defence against the note in suit. The point is too clear to admit of a question : and was expressly decided, by this Court, in *Moore* v. *Ellsworth,* 3 *Conn. Rep.* 483.

PETERS, BRAINARD and BRITOL, Js. were of the same opinion.

Judgment to be reversed.