## Bean *vs.* Jones.

Where a creditor charged his travelling and other expenses, incurred on a journey made for the purpose of collecting a debt, which expenses were included in a new note given by the debtor,—*held*, that the note to this extent was without consideration.

But where such note was subsequently voluntarily paid by the debtor,—*held* that an action would not lie to recover the same back.

THIS was an action of assumpsit, sued out the 2d of August, 1833. There were four counts in the plaintiff's writ. The three first counts alleged the purchase of divers bills of merchandize by the plaintiff of the defendant, on a promise of six months' credit without interest; and that prior to the expiration of said term of credit, the defendant sued out a writ of attachment against the plaintiff, in violation of said promise, and greatly to the damage of the plaintiff. For two of these bills of merchandize notes had been given, payable on demand and interest. The third bill of mer-

chandize was on the 15th of June, 1831, amounting to $89,21, and the writ sued out by the defendant was on the 30th of said June. The plaintiff's claim on these three counts was ultimately withdrawn, and reliance was had solely on the fourth count in the plaintiff's writ, for money had and received by the defendant to the plaintiff's use, amounting to the sum of $20,42, and interest from the 30th of June, 1831. The evidence offered by the plaintiff in support of this count was that soon after the purchase of the last bill of merchandize, and while the plaintiff was absent from home, the defendant sent his son, William P. Jones, as agent to collect or secure his demands against the plaintiff, amounting in all to betwixt three and four hundred dollars. The said Jones went on to Meredith Bridge, and procured an attorney, and a deputy sheriff from Meredith, to accompany him to Moultonborough—the agent informing the sheriff that he did not know but he might need his services, and that he would pay him for going. The said Jones found the plaintiff's father, David Bean, in charge of the store in the absence of the plaintiff, and informed said Bean of his business—which was to obtain security for his debt; and that he considered the debt a bad one. Said Jones said that he did not want the money at that time, and that all he wanted was to have the debt secured. Said Bean offered to secure the debt by a note payable in eighteen months. Jones declined accepting it, but said he would take a note payable in twelve months, if Bean would pay the expenses Jones had incurred; which was acceded to by Bean, and said Bean gave a note, signed by him as principal, and one Samuel Brown as surety, dated June 30th, 1831, for the sum of $378 in twelve months, with interest; and the claim of the defendant against the plaintiff was discharged. The said note was given for the merchandize aforesaid, and the interest; and for the sum of $20,42 as expenses of said Jones.

The said Jones testified that his expenses exceeded that sum; that he was gone three days from home; paid $12 for

his horse and chaise; and the sheriff testified that Jones paid him $2. Said Jones caused a writ to be made out on his claim, but did not inform Bean of it.

A few days prior to Jones' being at Moultonborough, another creditor of the plaintiff had been up from Portsmouth with demands against the plaintiff amounting to $700, which the plaintiff had settled by giving a note and procuring the said David Bean to sign as surety, which was known to said Jones before he left Portsmouth.

The note aforesaid, signed by David Bean and Samuel Brown, was paid by the plaintiff prior to the suing out of his writ in this case, with a full knowledge of the consideration of the note.

The plaintiff claims to recover back said sum, as paid without consideration, and as extortionary and usurious. The defendant contends that the same was a voluntary payment with sufficient consideration.

On the above facts a verdict was taken, by consent, for the plaintiff, for the sum of $20,42, and interest from June 30, 1831, with the agreement that the same might be set aside, and a verdict entered for the defendant for his costs, if the court should so direct.

*Bartlett*, for the plaintiff.

*Sullivan*, for the defendant.

UPHAM, J.   In this case there were several counts in the writ. In the three first counts the grievance complained of was that the plaintiff had purchased of the defendant certain articles of merchandize on six months' credit, and that prior to the expiration of that time the defendant had caused a writ of attachment to be sued out to enforce payment, greatly to the damage of the plaintiff.

These counts were ultimately abandoned; and the plaintiff relies to sustain his suit on his right to recover the sum of $20,42, over payment by him to the defendant.

This sum was included in a note given in payment of the defendant's claim, by the father of the plaintiff, who had the temporary custody of the plaintiff's store at the time, and who procured a surety to sign the note with him—which note was afterwards paid by the plaintiff, with a full knowledge of all the facts.

The portion of the claim included in said note which is objected to, and which is now sought to be recovered back, is a charge for expenses incurred by the defendant on a journey from Portsmouth to Moultonborough, to collect his demand against the plaintiff. The case finds that this expense was actually incurred; and that the reason, on the part of the defendant, of attempting to enforce payment of his debt was that other creditors had, immediately prior to this time, enforced payment of their demands; and the defendant on this account took similar measures to secure his own debt.

The expenses incurred were not legal costs. Though the defendant went prepared to enforce his claim by suit, and might, perhaps, have occasioned in that manner an expense equal to the sum now in controversy, still this sum was not claimed or adjusted as the costs of a suit, but as the individual expenses of the defendant. A promise for the payment of costs actually incurred would be a foundation for a legal claim. Staying the trial of a cause is a good consideration for a promise to pay the costs incurred. *Dell* vs. *Fereby, Cro. Eliz.* 868; 1 *Wheat. Sel.* 67. But the promise in this case was not made on such a consideration.

It was a gratuitous offer on the part of the plaintiff, to remunerate the defendant for the expenses incurred by him, or rather an assent to the defendant's claim to this extent, as being, under the circumstances of the case, just and equitable. It is not a case of pretended expense to cover a claim of usury, or of a promise of payment occasioned by extortion. The case furnishes nothing to countenance such an idea. The promise is like those founded on a mere moral consideration; and were it still *a promise*, without

the subsequent fact of a voluntary payment, which is attempted to be revoked, it could not be sustained. *Mills* vs. *Wyman*, 3 *Pick.* 207 ; *Edwards* vs. *Davis*, 16 *Johns.* 281 ; 3 *Bos. and Pul.* 269, *note ; Cook* vs. *Bradley*, 7 *Conn. Rep.* 57 ; 2 *Kent's Com.* 2d ed. 465.

But in this instance a voluntary payment was made. No deception was practised as to the amount of expense incurred, and no exception was taken to the charge at the time of payment. In *Marriott* vs. *Hampton*, 2 *Esp.* 546, Lord Kenyon held that where a party who is sued on a claim which he knows to be unfounded, pays it voluntarily and with notice, the money so paid cannot be recovered back in assumpsit. The same rule holds with still stronger reason where voluntary payment is made without suit. *Gates et al.* vs. *Winslow*, 1 *Mass.* 65 ; *Holmes et al.* vs. *Avery*, 12 *Mass.* 134 ; *Hill* vs. *Green*, 4 *Pick.* 114 ; *Hall* vs. *Shultz*, 4 *Johns.* 241.

It is holden that there is no pretence that an action for money had and received will lie to recover back money given as a gratuity. Also, that when a party who may be entitled to resist a claim on account of its illegality, waives that privilege and fulfils the contract, he cannot be permitted to recover the money back. *Boyter* vs. *Dodsworth*, 6 *D. & E.* 681 ; *Howson* vs. *Hancock*, 8 *do.* 575 ; *Burt* vs. *Place*, 6 *Cowen*, 431 ; *Fulham* vs. *Down*, 6 *Esp.* 25, *note ; Brown* vs. *McKinally*, 1 *Esp.* 279 ; 2 *Kent's Com.* 465 ; *Greenwood* vs. *Curtis*, 6 *Mass.* 381 ; *Inh. Worcester* vs. *Eaton*, 11 *Mass.* 368.

In this case the payment was voluntary ; and though the claim might have been originally resisted, the money having once been paid cannot be recovered back. The verdict, therefore, taken for the plaintiff, must be set aside, and there must be                    *Judgment for the defendant.*