## HENRY R. SOPER *vs.* MICHAEL R. STEVENS.

Where a note, given as the consideration of a quitclaim deed of land, and where there was no fraud, had been paid by the grantee, the money cannot be recovered back, although such grantee has been evicted by an elder and better title.

EXCEPTIONS from the Court of Common Pleas.

*Assumpsit* on the usual money counts to recover a sum paid by the plaintiff to the defendant. The plaintiff proved on the trial, that the defendant sold him a lot of land in *Orono,* of which he gave him a quitclaim deed, and received as consideration therefor the notes of the plaintiff, one of which was paid, and to recover back that sum this action has been brought. The plaintiff further proved, that soon after this payment he was evicted from the premises by an elder and better title; that the defendant at the time of the conveyance had no title; and that after the eviction he demanded back the money he had paid, which was refused. The action was then commenced.

Upon this evidence, *Whitman C. J.*, presiding at the trial in the Court of Common Pleas, ordered a nonsuit; and to this order the plaintiff excepted.

The case was submitted to the decision of the Court on the briefs of counsel, by *J. Appleton* and *W. T. Hilliard*, for the plaintiff, and by *McGaw, Allen & Poor*, for the defendant.

For the plaintiff were cited 2 *Greenl.* 390; 3 *Pick.* 452, and cases there cited; 11 *Johns. R.* 50; 13 *Johns. R.* 52; 6 *Cowen*, 297; 1 *Har. & John.* 405; 4 *Pick.* 228; 1 *Greenl.* 152; and 2 *N. H. Rep.* 61.

For the defendant the following were cited. *Gates* v. *Winslow*, 1 *Mass. R.* 65; *Holmes* v. *Avery*, 12 *Mass. R.* 136; *Joyce* v. *Ryan*, 4 *Greenl.* 101; *Greenleaf* v. *Cook*, 2 *Wheat.* 13; *Frost* v. *Raymond*, 2 *Caines*, 188; *Abbott* v. *Allen*, 2 *Johns. Ch. R.* 523; 2 *Kent*, 2d *Ed.* 371; and *Sug. Vend. & Pur.* 3d *Ed.* 346.

After a continuance, for advisement, the opinion of the Court was delivered by

EMERY J. — Can the action on the money counts be maintained against the defendant, to recover the consideration of a quitclaim deed, which the defendant gave to the plaintiff, of a lot of land in *Orono*, which it was proved the defendant sold to the plaintiff? The suit is instituted to recover back the amount of one of the notes of the plaintiff, which he gave to the defendant in part of the consideration, and which he has duly paid. It was proved, that soon after the payment, he was evicted by elder and better title, and that at the time of the conveyance, the defendant had no title; and that subsequently the money was demanded by the plaintiff of the defendant.

It is contended for the plaintiff, that in an action on a promissory note given for the price of land, conveyed by a plaintiff to a defendant, by deed of release and quitclaim without covenants, it is a good defence, that there is a total failure of consideration; and he cites cases from *Greenl. R.*, *Pick. R.*, and *Johns. R.* in support of the position. The cases cited certainly tend to sustain that position. He then argues, that if the facts shew a good defence, if the note was in suit, that defence, total failure of consideration, equally shews that the plaintiff should recover it back, on the gen-

eral principle, that money had and received is an equitable action, and the absurdity of deciding the case on the mere question of which side of the *vs.* the plaintiff or defendant may be ; and on the same question of facts varying the decision according to that mere frivolous and unimportant circumstance. And he insists, that money had and received lies in all cases when the defendant has moneys in his hands, which *ex equo* and *bono* belongs to the plaintiff; so, too, to correct mistakes, in case of payment and failure of consideration, and in this case.

The plaintiff replies, that where money has been voluntarily and understandingly paid upon a contract made *bona fide*, although it was without consideration, the law leaves the parties as it finds them ; and cites *Gates* v. *Winslow*, 1 *Mass. R.* 65 ; and *Holmes* v. *Avery*, 12 *Mass. R.* 136 ; with many other authorities from *Greenleaf's, Wheaton's, Johnson's,* and *Caines' Reports,* and *Kent's Commentaries.*

If it be an absurdity to make a distinction between the case of one resisting payment of a note given without consideration, and the case of one seeking to recover back money which he has understandingly paid, freely and without objection, the absurdity has been of long continuance. That circumstance ought not to prevent a correction, if the distinction merit such an epithet. It is not made on the mere frivolous and unimportant circumstance of which side the *vs.* the plaintiff or defendant may be, but upon principles which have heretofore been considered conformable to the practical demands of society. It is to correct the spirit of litigation. Individuals, who choose to make their contracts, and omitting any provision for reclamation, perform them to the person, who is free from any charge of fraud, ought to be discouraged from vexing in the law those who are as innocent as themselves.

Here the payment was made voluntarily. It is a rule of law, that where the parties have reduced their contract to writing, the written instrument alone is to be resorted to for the measure of their liability. *Chadwick* v. *Perkins*, 3 *Greenl.* 399. Previous to this decision, it was held in the case of *Howard* v. *Witham et al.*, 2 *Greenl.* 390, that it was no defence to a note given for the price of land conveyed by the plaintiff to the defendant by deed of release and quitclaim without covenants, that the plaintiff represented his

title to be in fee. simple, when in truth it was but an estate for life or for years. And it was said that nothing short of a total failure of title was in such a case a sufficient defence to the action. As an abstract matter of right, if a defence could be made against the note for a total failure of title, why should not a defence be allowed against the note to the extent of the difference in value between an estate for life or years and an estate in fee?

But it is not every failure of title, that will warrant a recovery back of money paid, in the shape of damages. The principle on which we proceed was long ago stated in the action, *Roswell* v. *Vaughan, Cro. Jac.* 196. It was in the nature of deceit for selling a right to tithes for £30 on affirmance that he was *incumbent,* when he never was instituted, *and another was, and took the tithes,* and the *plaintiff lost them.* But the Court were of opinion, that there was no warranty, or affirmance, at the time of the sale, that he had any right, or title, to sell, and arrested judgment, and observed, here he had not any possession ; and it was no more than if one should sell lands whereof another is in possession, or a house whereof another is possessed, without covenant or warranty for the enjoyment. *It is at the peril of him who buys, and not reason he should have an action in the law where he did not provide for himself. Whereupon it was adjudged for the defendant.*

In *Bree* v. *Holbeck, Doug.* 654, a personal representative found among the papers of his testator, a mortgage deed, and assigned it for the mortgage money more than six years before the suit, affirming and reciting in the deed of assignment, that it was a mortgage deed made or mentioned to be made between the mortgager and mortgagee for that sum. It was decided that the assignee could not recover back the mortgage money, though the mortgage were a forgery, and the assignee did not discover it till within the six years, unless the assignor knew it to be a forgery. The question was, whether there was any fraud. If he had discovered the forgery, and then got rid of the deed, as a true security, it would have been different. He did not covenant for the goodness of the title, but only that neither he nor the testator had encumbered the estate. It was incumbent on the plaintiff to look to the goodness of it.

In *Underwood* v. *Lord Coustown,* it was said by *Lord Redesdale,* that, " the accepting of a release is in no case an acknowl-

edgement that a right existed in the releasor. It amounts only to this, I give you so much for not seeking to disturb me." 2 *Sch. & Lef.* 67.

The action, *Gates et al.* v. *Winslow*, 1 *Mass. R.* 65, was assumpsit for money had and received, as was stated, in a speculation respecting lands in the Province of *Canada*, and the defendant having certain pretensions to land there, which he derived from one *Hathaway*, had, by a deed of quitclaim, conveyed his right therein to the plaintiffs for £100, which they had paid to the defendant. The plaintiffs not being able to hold any thing by virtue of the defendant's deed had brought this action to recover back the money paid, as the consideration of the deed. The counsel for the plaintiffs said, he did not expect to prove fraud, but that he went upon the ground of the contract being *nudum pactum,* and cited the case of *Whittemore & Waters,* decided in the Supreme Judicial Court of *Massachusetts* at the term before in the County of *Worcester*, where a note had been given for a quitclaim deed of *Canada* lands, and an action was brought to recover the contents of the note, in which case the Court held there was no consideration for the note. The whole Court were unanimous and clear, that the plaintiff could not support the action. They said the rule is, universally, where the parties are equally innocent or equally guilty, *melior est conditio defendentis.*

As no fraud or imposition is pretended to have been practised by the defendant, the Court will presume that the parties at the time of the transaction were on equal grounds. Any one who had voluntarily given away a sum of money, might as well think of recovering it back, as the plaintiff expect to maintain the present action. The case cited by the counsel for the plaintiff was decided upon the same rule which we go upon in the present, viz. *melior est, &c.* Where a promise is made without consideration, the law will not enforce a performance, but leaves the parties as it finds them. So where money has been voluntarily and understandingly paid, upon a contract made *bona fide* without fraud, imposition, or deceit, although it was paid without consideration, the law will not compel a repayment, but leaves the parties as it finds them. *Strong J.* said, that a man, who had purchased a lottery ticket which happened to come up a blank, might with equal propriety say that the

contract was *nudum pactum*, and bring his action to recover back the price of the ticket.

As Chancellor *Kent* says, the Common Law affords to every one reasonable protection against fraud in dealing, but it does not go to the romantic length of giving indemnity against the consequences of indolence and folly, or a careless indifference to the ordinary and accessible means of information. It reconciles the claims of convenience with the duties of good faith to every extent compatible with the interests of commerce. *Kent's Com. vol. 2, sec. 39, page 484-5, 2d edition.*

And it is remarked by Justice *Story*, 1 *Story's Equity*, 203, that Courts of Justice generally find themselves compelled to assign limits to the exercise of their jurisdiction, far short of the principles deducible *ex equo et bono ;* and with reference to the concerns of human life, they endeavor to aim at practical good and general convenience.

In *2d Kent's Com.* 473, *2d edition*, cited by the defendant's counsel, it is asserted, as the author's apprehension, that in sales of land, the technical rule remits the party back to his covenants in his deed ; and if there be no ingredient of fraud in the case, and the party has not had the precaution to secure himself by covenants, he has no remedy for his money, even on a failure of title. We consider this to be the law in this State.

*The exceptions are overruled, and the nonsuit confirmed.*