*Mem.* SHEPLEY J. did not sit in any of the cases at this term, or take part in the decisions, having been employed during the time in the trial of jury causes in the county of *Washington*.

---

## SIMEON TYLER *vs.* WILLIAM CARLETON.

If a deed be placed in the hands of referees, in a reference entered into by rule of Court, to be delivered to the grantee, in pursuance of an agreement of the parties annexed to the rule, on his giving to the grantor his note for the amount found due by the referees, and if the note be given and received, and the deed be delivered, and the award be contested, but accepted by the Court; all preliminary arrangements by the parties must be understood to be irrevocable while the judgment remains in force, and are not to be examined over again in an action for the land thus conveyed, even if mistake or fraud in the referees can be shown.

IN a writ of entry, the demandant to prove his title, gave in evidence a judgment at the *July Term* of this Court, 1832, in which he recovered against the tenant the demanded premises. Subsequently the demandant brought an *action in the* Common Pleas, for the mesne profits of the land, which action with other matters was submitted to referees by rule of Court. By an agreement of the parties annexed to the rule, the referees were to decide, what

sum would be equitable and right for *Carleton* to pay to *Tyler* for the future support of himself and wife during life, and also the amount to be recovered in the action ; and that *Tyler* should leave with the chairman of the referees, a quitclaim deed from himself, and one from *Ephraim Wood* and *Joseph Jones* to *Carleton* of the same land ; and authorizing the chairman to deliver the deeds to *Carleton* on his giving his note to *Wood* and *Jones*, for the amount of the award, or leaving with the chairman for them, in full discharge and satisfaction of the award. By the agreement, the parties waived all legal objections to the award. The deeds were executed and delivered to the chairman of the referees. The referees heard the parties and awarded that *Carleton* should pay $851,57 in full satisfaction of all the matters submitted for their determination, including the support of *Tyler* and wife, and made their award known to the parties. *Carleton* at the same time made his note to *Wood* and *Jones* for the same amount, delivered it to the chairman, who delivered it to *Wood* and *Jones*, and they received it. The chairman then delivered the deeds to *Carleton*. The rule of Court with the award thereon was duly returned into Court. *Tyler* objected to the acceptance of the award, but after a hearing, it was accepted by the Court. Afterwards this suit was instituted, and at the trial before WESTON C. J. the counsel for the demandant offered to prove, that the referees had mistaken the subject matter submitted to them ; that they had proceeded fraudulently ; that the award was in the handwriting of the attorney of *Carleton* ; and that *Tyler* had objected to the delivery of the deeds to *Carleton* before their delivery by the chairman. The Chief Justice was of opinion that the demandant was concluded by the acceptance of the award, and the testimony was rejected. The demandant then became nonsuited. If the opinion of the Court should be, that he was not concluded, and that the proof offered would be sufficient to defeat the title of the tenant, the nonsuit was to be set aside.

*Thayer* argued for the demandant, and cited *Worcester* v. *Eaton*, 13 *Mass. R.* 371; *Somes* v. *Skinner*, 16 *Mass. R.* 348; *Webster* v. *Lee*, 5 *Mass. R.* 334; *Hodges* v. *Hodges*, 9 *Mass. R.* 320; 1 *Bac. Ab.* 134 ; *Jones* v. *Boston Mill Cor.*, 4 *Pick.* 507 ; *Same case*, 6 *Pick.* 148; *Bean* v. *Farnham*, 6 *Pick.* 269.

*C. R. Porter*, for the tenant, in a written argument, contended, that when a report of referees has been duly accepted by the Court, it is equally binding on the parties as a judgment of the same Court between the same parties on the verdict of a jury.

The opinion of the Court was drawn up by

EMERY J. — It is urged, that without the deed of the demandant to the tenant, he could not hold the land by any award the referees could have made under the submission. And there may be truth in the assertion. Still there are certain things occurring in the course of judicial proceedings, which must assume a binding efficacy. If parties in our courts of record of common law jurisdiction, enter into special agreements with respect to their rights, and make them a rule of the court in submitting their controversies to referees, which are consummated by the award of referees, and accepted by the Court, *preliminary arrangements, if fairly made, must be understood to be irrevocable, and are not to be examined over again, in questions which could not have arisen, but for those antecedent steps, taken voluntarily by the parties, preparatory to the Court's lending its authority to accomplish their wishes.* Then, doubtless the expectation was confidently indulged, that the controversy would be rightly settled by the tribunal of their own choosing. Mere disappointment in the result is not a ground for revocation. On the same principle, in cases of usurious contracts, if a mortgage be given as collateral security for the payment of it, upon which a judgment has been recovered, the mortgagor cannot, in an action upon the mortgage, avoid his deed on the ground of usury. *Thacher & al.* v. *Gammon*, 12 *Mass. R.* 268.

And where a deed was deposited by the grantor with W, as an escrow, to be delivered to the grantee, on his producing a mortgage executed and recorded, and a certificate of the register of there being no other incumbrance on record, and W, on receiving the mortgage and certificate of registry, by the register, &c. delivered the deed to the grantee, and the mortgage to the grantor; it was held that the condition was performed, and the deed well delivered to the grantee, and that it related back, so as to give effect to an intermediate conveyance by the grantee to C, although the register made a mistake in the registry of the mortgage, as to the amount

of the debt, expressing it to be 300 instead of 3000 dollars. *Beek-man* v. *Frost*, 18 *Johns. R.* 544.

The case of *Porter* v. *Cole*, 4 *Greenl.* 20, contains a construction of this Court on facts somewhat analogous to those now under consideration. There the deed from *Cole* was left with the referees, on the express condition only, that it should be delivered to *Porter*, if the report of the referees was accepted, and became a settlement of all demands between them. But on *Porter's* objection it was set aside. However, prior to its rejection, one of the referees delivered said deed to said *Porter*, in the presence of said *Cole*. And the Court say, " It was evident that the above condition was annexed for *Cole's* benefit, and therefore he might, at his pleasure, waive it, and assent to the delivery of the deed before performance of the condition. And upon such delivery, it would at once become the deed of *Cole.*" In the present case, the award of the referees states that the conditions required by the terms of the rule of reference and the agreement thereto, preliminary to a hearing, having been fully complied with, they proceeded to award the sum to be paid by *Carleton*, made it known to the said *Carleton, Tyler, Wood*, and *Jones*. The note was given by *Carleton* as agreed, and the deed delivered to *Carleton*, by the chairman, and by *Carleton* received.

Whatever might be said of an award, simply, which is now viewed with great liberality, as the decision of judges of the parties' own choosing, it acquires additional solemnity and importance when it is returned to a Court of competent jurisdiction, and is there contested by the parties, and afterwards by the Court accepted. It then becomes *rem judicatam*, and has all the conclusive character of other judgments. It must be held conclusive upon the parties, and is only to be affected by a review or writ of error. In the collateral way proposed, it is not to be vacated. It would be substantially an attempt to try over again, collaterally, a subject which has already been decided. And this is a much stronger case than that in *Homes & al.* v. *Avery*, 12 *Mass. R.* 134, *where neither the submission or award were in writing.* That was an action for money had and received, to recover back the money paid upon an award. The Chief Justice, delivering the opinion of the Court, on the directions given at the trial, on the conclusive char-

acter of the award, " did observe, that if the plaintiff could prove, that evidence was fraudulently concealed, or that the arbitrators were imposed upon by any false statements of the defendant, the case might be different." But we view the present case as standing upon different ground. And if litigation is to be terminated, we ought to consider that the conclusion should come by the judgments of our Courts of law, when all the objections against the acceptance of the report were open to the present plaintiff, and by that court were deemed inadequate to defeat the award. That very inquiry involved the whole of the present proposition, (see *Gardner* v. *Buckbee*, 3 *Cowen*, 120,) for it would be absurd to ratify the award, and compel *Carleton* to pay his notes, without having the benefit of the conveyance, which was by the agreement of the parties made the condition of entering into the reference. We conceive that agreeably to decided cases, on questions of this description, the nonsuit should be confirmed.