### EDWARD K. STRATTAN V. JENKINS KENNARD ET AL.

1. *Failure of Title as a Defense.*—In the absence of covenants of warranty or for title, or proof of fraud, a failure of title is no defense to an action for the purchase-money of real estate.

2. *Presumption as to Instructions.*—Where the evidence is not in the record, instructions will be presumed to be correct, if applicable to any supposable state of the evidence.

3. *Bill of Exceptions.*—Oral testimony must be written in the bill of exceptions before the judge signs it.

Filed June 24, 1881.

Appeal from Henry Circuit Court.

Opinion of the court by Mr. Justice Elliott.

This was an action upon a promissory note which the appellant, Edward K. Strattan, had executed to appellees in part payment for a tract of land purchased from them as executors of Tidamon Jessup, deceased. Judgment was rendered, on the verdict of the jury, in favor of the appellees, who were plaintiffs below, for the full amount of the note, and interest, over motion for a new trial by defendant. From this judgment defendant appeals, and assigns as errors:

1. The ruling sustaining a demurrer to the second paragraph of his answer.

2. The ruling denying his motion for a new trial.

The second paragraph of the answer avers that " the note on which this suit is brought was given in part consideration of a tract

of land purchased by the defendant of the plaintiffs; that the plaintiffs have no title to the land sold, and can make no valid conveyance therefor, wherefore defendant says the consideration of said note has failed, and this he is ready to verify." This paragraph is bad and the demurrer was properly sustained. It is well settled that the absence of covenants of warranty or for title, or proof of fraud, a failure of title is no defense to an action for the purchase-money of real estate. *Laughery* v. *McLean*, 14 Ind. 106; *Cartright* v. *Briggs*, 41 Ind. 184; *Barkhamstead* v. *Case*, 5 Conn. 528.

Counsel for the appellant insist that the court erred in overruling the motion for a new trial. In support of this position it is asserted that two of the instructions given by the court were erroneous. The argument upon this point can avail nothing because the evidence is not in the record. It is well settled that, where the evidence is not in the record, instructions will be presumed to be correct if applicable to any supposable state of the evidence.

There was an attempt to carry the evidence into the record by a bill of exceptions, but the course pursued was not one which the code or common law practice warrants. Prior to the adoption of our present code, even written instruments could only be got into a bill by being copied therein at full length, before the signature of the judge was appended. *Irwin* v. *Smith et al.*, this term. Since the adoption of the code, written instruments may be incorporated by proper reference, and by indicating the place where they are to be inserted, by the words "here insert." The provision of the code applies only to written evidence, and can not be held to embrace oral testimony; the latter must be written in the bill before the judge signs it. *Stewart* v. *Rankin*, 39 Ind. 161; *Cluck* v. *State*, 40 Ind. 263. The bill of exceptions as signed by the judge, was a mere skeleton containing, at the place where the appellant desired the evidence given on the trial to be inserted, these words: "here insert the evidence taken down by Saint." This was clearly insufficient. To permit such a practice would result in confused records, and lead to almost interminable discussions, as to whether the evidence was in the record in each particular case. The only way in which oral testimony can be properly got into the bill of exceptions, is by copying it at full length before the judge attaches

his signature.   We are not now, we add to prevent possible misunderstanding, referring to reports of evidence made by stenographers under the provisions of the statute upon that subject.

Judgment affirmed.

• Bundy & Forkner, for appellant.

M. E. Forkner, for appellee.