THORKILDSEN v. CARPENTER.

TAX DEEDS—QUITCLAIM—FAILURE OF TITLE—RECOVERY OF CONSIDERATION.

Where the holder of a tax title conveys by quitclaim deed, both parties acting in good faith, believing that the deed conveyed a valid title, the grantee is not entitled to recover back the consideration on a failure of the title.

Appeal from Muskegon; Russell, J.   Submitted April 19, 1899.   Decided June 19, 1899.

Bill by Thomas Thorkildsen against George W. Carpenter and Stephen H. Clink for a refunding of moneys paid in part consideration for a deed, and for the cancellation of a note and mortgage given for the balance. From a decree dismissing the bill on demurrer, complainant appeals. Affirmed.

Defendant Carpenter was the owner of a tax title upon certain lands, the original title to which was in a corporation known as the Lake Harbor Company of Muskegon. On August 7, 1897, he sold these lands to the complainant, and executed to him a quitclaim deed. The consideration was $525,—$275 in cash, and note and mortgage given back upon the same land for $250. The deed and mortgage were duly recorded. The contract was made through defendant Clink, an attorney, who stated to complainant, as alleged in the bill, that—

"Said tax deed conveyed an absolute and paramount title; that the Supreme Court had been holding tax deeds for that year valid, and enforcing them; that, in the opinion of said Clink, there could be no successful defense to said tax deed or title, and that, if your orator would purchase said above-described premises from said Carpenter, he would receive a good and indefeasible title."

In January following, the auditor general canceled this sale and deed to Carpenter, and issued a certificate of error, which was duly recorded in the office of the register of deeds. On being informed by his solicitor of this fact, complainant tendered to defendant Carpenter a duly-executed deed of said premises, and demanded a return of his money and the surrender and discharge of the note and mortgage. This was refused, and thereupon complainant filed this bill for the cancellation of the note and mortgage and the recovery of that portion of the purchase price paid in cash. To this bill the defendants demurred. The demurrer was sustained, and the bill dismissed. The bill also states that complainant had been informed by his solicitor that the cancellation by the auditor general was invalid.

*Alex. Sutherland,* for complainant.

*H. B. Fallass,* for defendant Carpenter.

*Stephen H. Clink,* in pro. per.

GRANT, C. J. (*after stating the facts*). Complainant insists that he is entitled to relief upon any one of four grounds: (1) Want of consideration; (2) false representations; (3) mutual mistake; (4) nonexistence of the subject-matter.

Good faith on the part of the defendants is conceded. It is also conceded that all parties acted in good faith, and believed the tax title was good. This is evidently a case of speculation. There was no fraud. Complainant chose to rely upon a quitclaim deed, by which he took only the title which defendant Carpenter had. *Peters* v. *Cartier,*

80 Mich. 124 (20 Am. St. Rep. 508); *Beakley* v. *Robert*, *ante*, 209.    Complainant purchased at his own risk. Courts cannot read covenants into deeds.    This would be in direct contravention of the statute.   2 How. Stat. § 5655.    Complainant chose to buy upon the faith of the validity of the tax title without any examination.    It was a voluntary payment, not induced by any fraud.    Under his own allegation, Mr. Clink gave him only an opinion as to the soundness of the title.    Where one took a quit-claim deed, and was evicted by an older and better title, held, that he could not recover the price paid.    *Soper* v. *Stevens*, 14 Me. 133.    Where both parties acted under the belief that the quitclaim deed conveyed a valid title, and the title wholly failed, held, that the grantee could not recover back, "for the parties to deeds know that a warranty is required to hold the seller to warrant the title, and they regulate their contracts accordingly."    *Earle* v. *De Witt*, 6 Allen, 520, cited and approved in *Tucker* v. *White*, 125 Mass. 346.    Chancellor Kent held: "The vendor [of land] selling in good faith is not responsible for the goodness of his title beyond the extent of his covenants."    *Gouverneur* v. *Elmendorf*, 5 Johns. Ch. 79.    See, also, *Stoddard* v. *Prescott*, 58 Mich. 542; *Inhabitants of Barkhamsted* v. *Case*, 5 Conn. 528 (13 Am. Dec. 92); *Clark* v. *Sigourney*, 17 Conn. 511.

Decree affirmed, with costs.

The other Justices concurred.