May Term,
1860.

LAUGHERY
v.
McLEAN.

---

## LAUGHERY v. McLEAN.

In a suit upon a promissory note given for the purchase-money of land, an answer setting up a failure of title, without showing breach of covenant or fraud, is bad on demurrer.

Monday,
May 28.

APPEAL from the *Wabash* Circuit Court.

WORDEN, J.—Complaint by the appellee against the appellant upon a promissory note.

The complaint alleges that the note was given in part consideration for the sale by the plaintiff to the defendant of a certain piece of land, and that the plaintiff delivered immediate possession thereof to the defendant, &c., and the plaintiff claims and seeks to enforce a vendor's lien on the land for the amount of the note.

The defendant answered by a general denial. He also

filed the following special answer, viz.: "And defendant, for answer to said complaint, alleges that said note was given, and is and was, without any consideration whatever, in this, to-wit, that the said plaintiff had not, at the time of the making of the alleged conveyance of the said premises named in said complaint, nor has he since had, any title or interest therein; and that in and by said conveyance, no title or interest therein passed to said defendants; wherefore," &c.

A demurrer was sustained to the special paragraph, and exception was taken.

The cause was tried by the Court, and resulted in a finding for the plaintiff. The defendant moved for a new trial, but no written reasons appear to have been filed. The motion was overruled and judgment entered on the finding, giving the plaintiff a lien on the land mentioned for the payment of the judgment.

The appellant assigns for error the ruling on the demurrer; the overruling of the motion for a new trial; and the judgment that the plaintiff hold a lien on the land, &c.

There having been no written reasons filed for a new trial, we are not advised upon what ground it was asked, and could not disturb the finding, even were it not sustained by the evidence.

Objection is here also made to the form of the judgment as to the manner of enforcing the lien. If any objection exist in this respect, it should have been made in the Court below, which was not done. No question in this respect having been made in the Court below, it is too late to make it for the first time in this Court. *Manly* v. *Hubbard*, 9 Ind. R. 230.— *Wolcott* v. *Yeager*, 11 *id.* 84.

This brings us to the main question involved in the case, viz., was the demurrer to the special paragraph of the answer correctly sustained?

From the complaint and answer together, it is fairly to be inferred that the plaintiff had made a conveyance, purporting, at least, to convey to the defendant the land mentioned. It is not directly averred in the complaint that a conveyance had been made, but the answer admits the

May Term,
1860.

LAUGHERY
v.
McLEAN.

conveyance, and avers that no title passed thereby, the plaintiff having no title to convey.

The deed is not set out, nor is it averred in the answer that it contained any covenants of seizin, right to convey, or any other covenants whatever. If the deed contained any covenants that were broken, the original or a copy thereof should have been filed as the foundation of the defense (Code, § 78), and there should have been such facts averred as would show a breach of the covenants relied upon. It is not necessary for us here to determine whether the want of any title in the plaintiff, would be a breach of the covenant of seizin and right to convey, as long as the defendant was in the undisturbed possession of the land; as no covenants are set out or relied upon. For aught that appears, the conveyance was a mere quit-claim, without any warranty whatever; and in such case, in the absence of fraud, a want or failure of title cannot be set up in bar of the action for the purchase-money.

This doctrine is very clearly stated in the case of *Barkhamstead* v. *Case*, 5 Conn. R. 528. A bill in chancery was filed for relief against a promissory note. HOSMER, C. J., in delivering the opinion of the Court, says: " The ground on which the decree in this case was rendered by the county Court, undoubtedly was, that the promissory note to *Barkhamstead* was totally without consideration, by reason of the non-existence of the title to the land sold; and, therefore, that the note was fraudulent and void. If there was no fraud and no covenant to secure the title, the purchaser has no remedy for his money, even on failure of title, either at law or in equity. *Abbott* v. *Allen*, 2 Johns. Ch. 519.— *Chesterman* v. *Gardner*, 5 *id.* 29. The grantee of land, if he takes no covenants, and there be no fraud in the sale, has assumed on himself the risk of title; and any security given by him for the purchase-money, is on a legal consideration. The bill of the plaintiff charged no fraud, without which allegation fraud was not in issue; and from the facts exhibited in the finding of the Court, the entire case seems to have been, that *Barkhamstead* believed and affirmed that they had title, when, in fact, they

had none, and *Case*, confiding in the same, purchased the land in question, and gave in payment the note now in suit. The maxim *caveat emptor* peculiarly applies in this case. The defendant in error should have taken proper covenants to guaranty the title. In a matter embracing neither fraud nor covenant, the purchaser acts at his own risk, and voluntarily foregoes any remedy, if the title should fail."

No fraud is charged in the answer in the case at bar, and we are of opinion that the demurrer to it was correctly sustained.

*Per Curiam.*—The judgment is affirmed with 5 per cent. damages and costs.

*J. D. Conner,* —— *Kidd, J. U. Pettit,* and *C. Cowgill,* for the appellant.

*J. M. Washburn,* for the appellee.