## COLEMAN v. HART.

COMMON PLEAS.—TITLE TO REAL ESTATE.—An answer bad on demurrer. is not sufficient to put in issue the title to real estate, under section 1 of the act of 1859 (acts 1859, p. 94) providing for the transfer of cases in which the title to real estate is in issue from the Common Pleas to the Circuit Courts.

DEED.—MERGER OF ORAL CONTRACT.—An oral agreement by the vendor of real estate, made before the execution of the deed, to procure for the vendee an outstanding title to the land conveyed, is merged in the covenants of the deed.

COPY OF WRITTEN INSTRUMENT.—When a pleading is founded upon a written instrument, the original, or a copy thereof, must be filed with the pleading.

APPEAL from the *Tippecanoe* Common Pleas.

GREGORY, J.—*Hart* sued *Coleman* in the court below on a note and mortgage given to secure the payment of $600, due on the 1st of *April*, 1865. On the 23d of *June* the defendant offered to confess a judgment for $531, and the costs of suit to that time. The appellant answered, by way of cross-complaint, that the note was executed by him to the plaintiff for the last of the deferred payments of the purchase money of the land described in the mortgage. That the land was sold and conveyed by the plaintiff and wife to

the defendant by a deed of general warranty, dated the 14th of *May*, 1864. That the full consideration to be paid for the land was the sum of $1,600; that, to secure the payment thereof, the defendant executed to the plaintiff his three promissory notes, and the mortgage sued on; the notes being as follows: one note for $500, payable on the 1st of *June*, 1864; one for a like sum, payable on the 20th of *October*, 1864, and one note for $600, payable on the 1st of *April*, 1865. That the notes were all dated the 14th of *May*, 1864, and the first two notes were paid at maturity. That the title to the undivided one twenty-first part in value of the land sold and conveyed as aforesaid was, at the date of the deed, and still continued, in one *Anna Reynolds*. That the plaintiff could not at the date of the deed of warranty, nor at any time since, convey the title to the said one-twenty first part of the land so held by *Anna Reynolds* as aforesaid. That at the date of the execution of the note sued on, to induce the defendant to make the contract for the purchase of the land, and to make and deliver to the plaintiff the note and mortgage sued on, the plaintiff promised and agreed with the defendant that he would perfect the title to the said one twenty-first part in value of the land, so held by *Anna Reynolds* as aforesaid, before the note and mortgage sued on should become due. That the defendant, relying on the promise and agreement of the plaintiff, executed to him the notes and mortgage as aforesaid. That the plaintiff had failed, on demand, to perfect the title as he had agreed. That by reason of such failure, the consideration for the sum of $76 19 of the note sued on had wholly failed. Prayer that the plaintiff have judgment for $531 only, and that he be restrained and enjoined from collecting the said sum of $76 19 of the note sued on, and all the interest accrued and to accrue on that sum, until he makes good the title to said undivided one twenty-first part in value of the land so held by *Anna Reynolds* as aforesaid, and for general relief. The answer was sworn to by the

defendant. The defendant moved to transfer the cause from the Common Pleas to the Circuit Court, on the ground that the title to real estate was in issue. The motion was overruled. The plaintiff demurred to the answer, and the demurrer was sustained by the court below. The alleged errors complained of are: 1st. That the court erred in refusing to transfer the case to the Circuit Court. 2d. That the court erred in sustaining the demurrer to the answer.

The Common Pleas Court had jurisdiction. *Vaughn* v. *Stuzaker*, 16 Ind. 338; *Toner* v. *Mitchell*, 13 Ind. 530; *Harvey* v. *Dakin*, 12 Ind. 481. It was not the duty of the court below, under the act of 1859, to transfer the cause to the Circuit Court. "Legitimate pleadings," in that act, mean sufficient pleadings. An answer bad on demurrer is not sufficient to put in issue the title to real estate, within the meaning of the statute. Acts of 1859, § 1, p. 94.

If the agreement of the appellee to procure the outstanding title of *Anna Reynolds* is in writing, then the answer is bad for not setting forth the original or a copy. If it was a verbal agreement, it is merged in the covenants of the deed. *Oiler et al.* v. *Gard et al.*, 23 Ind. 212.

The deed is not set out, nor is it averred in the answer that it contained covenants of seizin or right to convey. If the deed contained any covenants that were broken, the original, or a copy thereof, should have been filed as the foundation of the defense, (Code § 78,) and there should have been such facts averred as would show a breach of the covenants relied upon. *Laughery* v. *McLean*, 14 Ind. 106. The court below committed no error in sustaining the demurrer to the cross-complaint.

The judgment is affirmed, with one per cent. damages and costs.

*Jones* and *Rogers*, for appellant.

*A. Roush*, for appellee.