## STARKEY *v.* NEESE.

PLEADING.—*Breach of Covenant.*—Where, in a suit upon a promissory note given for the purchase money of real estate, it is intended to rely in defense upon the breach of any covenant in the deed of conveyance, the original deed or a copy thereof should be filed with the answer, and such facts should be averred as constitute the breach relied on.

SAME.—*Failure of Title.*—In such suit, an answer setting up a failure of title, without showing a breach of covenant, in the absence of fraud, is bad.

CONTRACT.—*Consideration.*—A. purchased certain real estate from B., the legal title being in C., to whom there was a balance of purchase money due from B., for which A. gave his note to C. and took from him the deed.

*Held,* that, as between A. and C., the consideration of the note was the indebtedness of B. to C.

APPEAL from the Boone Common Pleas.

GREGORY, J.—Suit by the appellee against the appellant on a promissory note. The defendant answered:—1. The general denial. 2. That the note was given in consideration of part of the purchase money of real estate described; that the plaintiff sold, and by deed in fee simple conveyed, to the defendant the premises with all the appurtenances and improvements thereto belonging; that at the time of the purchase and sale there was erected and standing thereon and belonging to the premises, a ware and store house of the value of two hundred dollars, which entered into and was a part of the consideration of the note; that the defendant at the time of the purchase and conveyance believed that the ware and store house belonged to and was conveyed with the premises; that the plaintiff made no reservation of the house in his contract or in his conveyance, but sold and conveyed the same to defendant and took the note for the purchase money therefor; that at the time of the sale and conveyance, as aforesaid, the ware and store house belonged to one Simpson B. Trout, who long before that time had owned the same by purchase from the plaintiff, with the right and privilege of removing the same; all of which was unknown to the defendant at the time of the

purchase and conveyance; that afterwards Trout took and removed the ware and store house off the premises, to the damage of the defendant two hundred dollars, wherefore the consideration of the note had entirely failed.

The plaintiff replied:—1. The general denial. 2. That the plaintiff was not the owner of the house at the time he sold and conveyed the premises to the defendant; that the defendant knew the fact; that at the time the plaintiff conveyed the premises to the defendant, he informed him that the house did not belong to him, but to Simpson B. Trout; that the defendant agreed with the plaintiff that Trout should have the house and remove the same from the premises; that afterwards, in pursuance of the agreement, Trout did, with the consent of the defendant, remove the house from the premises.

The defendant moved to reject the second paragraph of the reply; the court overruled the motion, and the defendant excepted.

The defendant then demurred to it, which was overruled. Trial by the court; finding for the plaintiff the amount of the note and interest. The defendant moved for a new trial, which motion the court overruled. There is a bill of exceptions in the record setting out the evidence.

The testimony tended to show, that one Elston made the sale of the premises to the defendant; that the legal title was in the plaintiff, and that there was at the time the amount of the note, of unpaid purchase money, due from Elston to the plaintiff; that some two weeks before the sale and conveyance, the defendant had a conversation with the plaintiff about the purchase of the property; the latter then told the former that the house did not belong to him, but at the time of the conveyance there was nothing said about it. The house, without the lots, had been the subject of repeated sales; Elston himself had owned the house not a great while before the sale to the defendant. The deed from the plaintiff to the defendant was put in evidence, and

is a deed with full covenants. The house was worth from $150 to $200.

It is claimed that the court erred in overruling the appellant's motion to reject the second paragraph of the reply, and in overruling the demurrer thereto.

The reply is as good as the answer. The answer was bad. *Laughery* v. *McLean*, 14 Ind. 106, is very much in point. The answer in that case was an entire want of title. This court say:—"The deed is not set out, nor is it averred in the answer that it contained any covenants of seizin, right to convey, or any other covenants whatever. If the deed contained any covenants that were broken, the original or a copy thereof should have been filed as the foundation of the defense (code, § 78), and there should have been such facts averred as would show a breach of the covenants relied upon. It is not necessary for us here to determine whether the want of any title in the plaintiff would be a breach of the covenant of seizin and right to convey, as long as the defendant was in the undisturbed possession of the land, as no covenants are set out or relied upon. For aught that appears, the conveyance was a mere quitclaim, without any warranty whatever; and in such case, in the absence of fraud, a want or failure of title cannot be set up in bar of the action for the purchase money." This case was followed by this court in *Coleman* v. *Hart*, 25 Ind. 256. It is true, in the case under consideration, the deed produced in evidence was a deed with full covenants, but there was no issue involving the breach of any of them.

The evidence showed no failure of consideration. The defendant himself testified as follows: "I paid Elston $300, cash down, at the time of the sale, and at the time of executing the deed by plaintiff, I gave him the note for $175, sued on, which makes $475, the amount of purchase money. Elston owing that amount on his purchase to Neese, it was agreed that I should make the note to him instead of making it to Elston."

As between the plaintiff and the defendant, the consider-

ation of the note was the indebtedness of Elston to the plaintiff.

The court below committed no error in overruling the motion to reject and the demurrer to the second paragraph of the reply, or in overruling the motion for a new trial.

The judgment is affirmed, with costs.

*O. S. Hamilton, C. C. Galvin, S. E. Perkins, L. Jordan* and *S. E. Perkins, Jr.,* for appellant.