CHURCH v. FISHER, ADM'R.                    40  145
                                            159 411

PLEADING.—*Complaint.*—*Covenant.*—In a suit upon a promissory note and to foreclose a mortgage, given for the purchase-money of real estate, an answer attempting to set up a failure of title, but not setting out the deed or any covenants therein, or alleging fraud, is bad.

APPEAL from the Marion Common Pleas.

WORDEN, J.—This was an action by the appellee against the appellant and his wife, to foreclose a mortgage executed by the defendants below to the deceased, in his lifetime, to secure the payment of certain promissory notes.

The defendants answered, secondly, in substance, that the notes were given for a part of the purchase-money for the land mortgaged, which had been sold by Colley to the defendant Church, and conveyed by a warranty deed; that Colley derived his title to the land from one Robert Stewart, who, at the time he conveyed to Colley, had a wife who did not join in the conveyance; that Stewart has departed this life, leaving his wife surviving him, and that she has never, in any manner, relinquished her claim to the land; wherefore the consideration of the notes has failed.

A demurrer was sustained to this paragraph of the answer, and the defendants excepted. Such further proceedings were had as that final judgment was rendered for the plaintiff.

The only question raised here relates to the ruling upon the demurrer above noticed.

The answer was clearly bad, and the demurrer correctly sustained. The foundation of the defence attempted to be set up was a breach of the covenants in the deed from Colley to the defendant Church. That deed is not set out, nor are any of the covenants therein contained. Without covenants, in the absence of fraud (and no fraud is alleged), the defence cannot be maintained. *Laughery* v. *McLean*, 14 Ind. 106; *Woodford* v. *Leavenworth*, 14 Ind. 311; *Jenkinson* v. *Ewing*, 17 Ind. 505; *McClerkin* v. *Sutton*, 29 Ind. 407.

We pass by the question whether an action could be maintained upon the statutory covenants in a deed, or a defence

made thereon by way of recoupment or counter claim, for a partial or total failure of title, where there has been no eviction, and where the purchaser has enjoyed the undis-. turbed possession of the land, which, so far as appears, was the case here. It is sufficient for the purposes of this case to say that the covenants, which are the foundation of the defence, are not set out by copy or otherwise, as required by statute.

The judgment is affirmed, with costs.

*W. W. Woollen* and *J. H. Ruddell*, for appellant.

