*J. S. Scobey* and *O. B. Scobey,* for appellee.

———————•———

## CARTRIGHT *v.* BRIGGS.

VENDOR AND PURCHASER.—*Defence to Action for Purchase-Money.—Failure of Title.*—In the absence of covenants and fraud, a failure of title is no defence to an action for the purchase-money of real estate.

SAME.—*Injunction.*—A purchaser of land sold as school land, while he is in the undisturbed possession thereof, cannot enjoin the auditor of the county from selling the land under a mortgage to secure the purchase-money, on the ground that the title to the land was not in the inhabitants of the county.

APPEAL from the Sullivan Circuit Court.

WORDEN, J.—Action by appellant against appellee. Demurrer to complaint sustained; exception; and final judgment for the defendant.

The error assigned questions the correctness of the ruling on the demurrer.

The complaint contains two paragraphs, but they are not essentially dissimilar. The following are the substantial facts briefly stated. In 1839, the school commissioners of Sullivan county sold to one Henry Rotramel, forty acres of land in section sixteen, in one of the townships of that county, supposed to be school land, the purchaser paying a part of the purchase-money, and taking a certificate of purchase, which he afterward assigned to the plaintiff. The plaintiff also pur-

chased another forty-acre tract of the school commissioners, in the same section.    Afterward, the auditor of the county made  deeds to the plaintiff of the land, and took from him the usual  school-fund  mortgage to secure  the payment of the unpaid  purchase-money and  the interest thereon.    The plaintiff took, and still retains, possession of the land, and has made lasting and valuable improvements thereon.    But it is alleged that the  title to the land was not in the inhabi- · tants of the township, but on the contrary, that another section had  been  set apart to the  inhabitants of that township for school purposes, instead of  section sixteen, and that section sixteen had been granted to the State of Indiana for the extension of the Wabash and Erie Canal.

It is alleged that the defendant, the auditor of the county, is about to sell the land under the mortgage, to make the unpaid purchase-money and interest.    Prayer that he be enjoined until the plaintiff's title shall be made good.

We are of opinion that the demurrer was correctly sustained.    There are several substantial reasons why the collection of the unpaid purchase-money and interest, by a sale of the premises, should not be enjoined.    In the first place, there are no covenants broken, nor is any fraud alleged.    In the case of *Laughery* v. *McLean*, 14 Ind. 106, it was held that in the absence of covenants and fraud, a failure of title was no defence to an action for purchase-money.    This case has been approved and followed in many others since.    We cite the following: *The Terre Haute, etc., R. R. Co.* v. *Norman*, 22 Ind. 63; *Coleman* v. *Hart*, 25 Ind. 256; *Starkey* v. *Neese*, 30 Ind. 222; *James* v. *Hays*, 34 Ind. 272.

In this case, however, there is no attempt being made to hold the plaintiff personally liable for the residue of the purchase-money and interest, but only to subject the land to the payment thereof.    If the inhabitants of the township had no title, and if the plaintiff has none, we do not see how a sale of the land under the mortgage could injure the plaintiff.    He has just such title as the inhabitants of the township had, and he mortgaged back just such title as he re-

ceived.   If nothing  passed  to  him  by his  deeds, and if he mortgaged nothing, then  nothing  would  pass to a purchaser under  the mortgage, and  he could  not be hurt by  such sale. It is held that in  a  suit  to  foreclose  a  mortgage  given for purchase-money, want  of title  in the vendor is no defence to the foreclosure.   *Hubbard* v. *Chappel*, 14 Ind. 601; *Hume* v. *Dessar*, 29 Ind.  112;  *Rogers* v. *Place*, 29 Ind.  577; *Hanna* v. *Shields*, 34 Ind. 84.

Besides  all this,  the plaintiff  is  in  the  quiet and undisturbed possession  of  the  premises.   This possession may ripen, if  it has not  already, into a perfect title.   The statute of limitations runs   against  the  State.    2 G. & H.  164, sec. 224.

Even had there been a covenant of seizin in the plaintiff's deeds,  he  could  only  have  recovered  nominal  damages thereon until  he  was evicted.   See cases cited in *Hanna* v. *Shields*, *supra*.

The  judgment below is affirmed, with costs.

*J. C. Denny*,  *G. G. Reily*, and  *W. C. Johnson*, for appellant.

*J. M. Allen*, *W. Mack*, *W. H. Duncan*, and  *S. Coulson*, for appellee.

---

SUPREME COURT.—*Assignment of Error.*—A general  assignment  of  error  in overruling a motion for a new trial is all that is necessary to bring to the attention of the Supreme Court whatever grounds appear  in the motion and the accompanying bill of exceptions, and a re-statement of them is unnecessary.

PLEADING.—*Promissory Note.—Assignee.—Set-Off.—Counter-Claim.—Reply.—* In a suit brought by the assignee of a promissory note against  the maker, if the  maker  answer  by way of set-off or counter-claim against the  payee, the assignee may reply, setting up  a  claim  of  the  payee against  the maker, and thereby show that there is in fact no defence to the note.