Mahoney *et ux. v.* Robbins.

------◇------

MAHONEY ET UX. *v.* ROBBINS.

FRAUD.—*Pleading.*—*Presumption.*—An answer alleging that certain notes and a mortgage sued on were obtained by false and fraudulent representations in reference to the title of real estate for which they were given, but containing no averment of failure of title, is bad. In the absence of any averment to the contrary, the title will be presumed to be good.

PLEADING.—*Title.*—*Promissory Note.*—In a suit upon a promissory note given for the purchase-money of land, an answer setting up a failure of title, without showing breach of covenant or fraud, is bad on demurrer.

SAME.—*Filing Copy.*—In pleading failure of title in an action on a promissory note given for real estate, where no fraud is pleaded, a copy of the deed must be filed with the answer.

SAME.—*Possession.*—Where a deed of conveyance of real estate has been made and accepted, and possession taken under it, want of title will not enable the purchaser to resist payment of the purchase-money, or to recover more than nominal damages on his covenants, while he retains the deed and possession, and has been subjected to no expense or inconvenience on account of defect of title.

DAMAGES.—*Nominal.*—A judgment will not be reversed for failure to assess nominal damages.

PRACTICE.—*Form of Decree.*—*Waiver.*—An objection to the form of a decree cannot be made for the first time in the Supreme Court.

From the Hendricks Circuit Court.

*C. C. Nave,* for appellants.

*J. V. Hadley* and *J. S. Ogden,* for appellee.

BUSKIRK, C. J.—This was an action by the appellee, to

obtain a foreclosure of a mortgage against the appellants and the recovery of a personal judgment against Mahoney upon two notes, which were given for the purchase-money of the real estate described in the mortgage.

Issue, trial by the court, finding for appellee, and, over motion for a new trial, judgment on the finding.

The appellants have assigned for error the sustaining of a demurrer to the first and fourth paragraphs of the answer, and the overruling of the motion for a new trial.

The first paragraph of the answer was unquestionably bad. It alleged that the notes and mortgage were obtained by false and fraudulent representations in reference to the title of the land for which the notes and mortgage in suit were given, but there was no averment that the title was defective and had failed. It alleged that the appellee, and certain other persons in collusion with him, falsely and fraudulently represented that one John W. Hunt had a good and valid title to the land in question; that, in reliance upon such representations, he purchased such land; that Hunt and wife had conveyed the property, and the notes and mortgage had been executed to secure the balance due of the purchase-money. In the absence of any averment showing a failure of title, we will presume that the title was good. There was no error in sustaining a demurrer to this paragraph of the answer.

The fourth paragraph alleges that John W. Hunt and wife conveyed to appellant Mahoney the land in question; that thereupon the appellants executed the notes and mortgage in suit to secure the unpaid purchase-money, six hundred dollars having been paid in hand; that the said John W. Hunt did not, at the time of making said contract and the execution of said deed, and the making of said notes and mortgage aforesaid, have a good and sufficient title in fee simple in and to the above described tract of land, nor has he acquired title thereto since the execution of said deed, mortgage, and notes aforesaid, but the title to said tract of land was and is in one Johnson Hunt, and not in said John W. Hunt; wherefore, etc.

The matters set up in such paragraph constituted no defence to the action.    It was held in *Laughery* v. *McLean,* 14 Ind. 106, from which case the above answer seems to have been copied, that in a suit upon a promissory note given for the purchase-money of land, an answer setting up a failure of title, without showing breach of covenant or fraud, is bad on demurrer.    The ruling in that case has been adhered to in the following cases: *Swain* v. *Morberly,* 17 Ind. 99; *Johnson* v. *Houghton,* 19 Ind. 359; *The Terre Haute, etc., R. R. Co.* v. *Norman,* 22 Ind. 63; *McClintic's Adm'r* v. *Cory,* 22 Ind. 170; *Coleman* v. *Hart,* 25 Ind. 256; *Starkey* v. *Neese,* 30 Ind. 222; *James* v. *Hays,* 34 Ind. 272; *Church* v. *Fisher,* 40 Ind. 145; *Galbreath* v. *McNeily,* 40 Ind. 231.

The deed is not set out in or made a part of the answer, nor any of the covenants.    Nor is there any allegation of fraud.    This omission rendered the answer bad.    *Woodford* v. *Leavenworth,* 14 Ind. 311; *Jenkinson* v. *Ewing,* 17 Ind. 505; *McClerkin* v. *Sutton,* 29 Ind. 407; *Starkey* v. *Neese, supra; Church* v. *Fisher, supra.*

It is well settled that where a deed is made and accepted, and possession taken under it, want of title will not enable the purchaser to resist the payment of the purchase-money, or recover more than nominal damages on his covenants, while he retains the deed and possession, and has been subjected to no inconvenience or expense on account of defect of title; and for such damages a judgment will not be reversed.    *Tate* v. *Booe,* 9 Ind. 13; *Small* v. *Reeves,* 14 Ind. 163; *Hacker* v. *Blake,* 17 Ind. 97; *Estep* v. *Estep,* 23 Ind. 114.

The court was clearly right in sustaining the demurrer to such answer.

It is also claimed that the court should have granted a new trial on account of excessive damages.    There was a controversy on the trial about a credit of fifty dollars.    Two witnesses swore one way and two the other.    The court below believed the witnesses for appellee.    In that we think the court below was right.    There was no error in overruling such motion.

Counsel in his brief objects to the form of the decree. There was no objection made to it below, and the question cannot be raised here for the first time.

The judgment is affirmed, with costs and five per cent. damages.