## GILLFILLAN ET UX. *v.* SNOW.

VENDOR AND PURCHASER—*Breach of Covenants.*—*Right of Way of Railroad.*
In an action to foreclose a mortgage on real estate, executed to secure a promissory note, an answer alleging that said note was given for purchase-money of said real estate, which was conveyed by warranty deed,

with covenants, etc., to the mortgagor by the mortgagee, and that the latter had previously conveyed to a certain railroad company a right of way for its railroad across said land, but not showing that the defendant had been evicted, or that he had suffered any damage or inconvenience on account of said right of way, was bad on demurrer.

STATUTE OF FRAUDS.—*Promise to Pay Debt of Another.*—A parol promise to pay the debt of another, if not paid by himself, whereby the creditor is induced to suffer the debtor to leave the State without paying the debt, taking his property with him, is within the statute of frauds.

From the Clay Circuit Court.

*W. W. Carter* and *S. D. Coffey,* for appellants.

*A. T. Rose* and *J. J. Stephenson,* for appellee.

DOWNEY, J.—Action by, and judgment for, the appellee against the appellants.

The errors assigned are the sustaining of the demurrers of the plaintiff to the third and fourth paragraphs of the separate answer of John Gillfillan.

The object of the action was to foreclose a mortgage executed by the defendants on certain real estate, to secure the payment of a promissory note given by John Gillfillan to the plaintiff.

It is alleged in the third paragraph of the answer, that the note was given in consideration of the land described in the mortgage; that at the time of the execution of the note and mortgage, the plaintiff conveyed to the defendant, by warranty deed, containing full covenants of warranty, all said land, whereby he covenanted to and with the defendant that he was lawfully seized of said land as of a good, sure and perfect estate of inheritance, and had good and lawful right to convey the same, and that the same was clear and free from all encumbrances whatever. A copy of the deed, dated September 3d, 1873, is filed with the answer; and the defendant alleges that said plaintiff was not seized of said land as of a sure, perfect and indefeasible estate of inheritance, and had not good right to convey the same, and the same was not clear and free of all encumbrances whatever; but, on the contrary, the plaintiff had executed to the Indiana North and

South Railway Company a certain conveyance, whereby he conveyed to said railway company an easement and right of way to build and construct its railroad over and across said land, and the right to use and occupy a strip of said land one hundred feet wide perpetually, and to use all materials on said strip. A copy of this instrument is made part of the answer, and filed with it, dated October 2d, 1871. It is further alleged, that at the time of the execution of said warranty deed by the plaintiff to the defendant, said conveyance for said right of way was, and still is, in full force, and said land was, and still is, encumbered thereby; that the same is of such a nature that the defendant cannot remove the same, and said land, by reason thereof, was, at the time of said conveyance, worth five hundred dollars less than it would have been but for said encumbrance; and said easement was a damage to the defendant in the sum of five hundred dollars; wherefore the consideration of said note has failed to the sum of five hundred dollars.

It is stated in the fourth paragraph of the answer, that one Milligan, a brother-in-law of the plaintiff, became and was indebted to the defendant in the sum of two hundred and fifty dollars; that said Milligan had sufficient property to pay said debt, and was about to leave the State of Indiana, taking the same with him, when this defendant commenced to make his preparations to sue out the proper writ to secure the payment of his debt, and the plaintiff, intending to assist the said Milligan to cheat and defraud this defendant out of his debt, promised and agreed with the defendant that if he would not sue out said writ, he would guarantee the payment of said debt by the said Milligan, and in the event that he did not pay the same before leaving the State, he, plaintiff, would himself pay the said debt, in consideration that the defendant would not sue out said writ; that the plaintiff then went to said Milligan and persuaded him to leave the State of Indiana at once, and furnished him money upon which to do so, and take his property with him, and that said Milligan did then leave the said State and take all his

property with him, without paying or making provision for paying said debt, and the same still remains due and wholly unpaid; and that, by reason of said contract and agreement and said conduct of the plaintiff and said Milligan, said debt of two hundred and fifty dollars became and was due to the defendant from said plaintiff before the commencement of this suit; and defendant offers to set the same off against any amount found due the plaintiff.  .

The demurrers were sustained, for the reason that the paragraphs did not state facts sufficient to constitute a defence to the action.

It is not shown by the third paragraph of the answer that the defendant had been evicted, or that he had suffered any damage or inconvenience on account of the right of way alleged to have been granted to the railway company; and, for this reason, we think that paragraph of the answer was correctly adjudged insufficient. *Mahoney* v. *Robbins,* 49 Ind. 146, and cases there cited.

Had it been alleged that the railroad was constructed, and the way occupied and in use, a different question would have been presented.. *Burk* v. *Hill,* 48 Ind. 52, and cases cited.

The contract or agreement set forth in the fourth paragraph of the answer is evidently within the statute of frauds. It is a special promise to answer for the debt of another, within the second clause of section 1, p. 348, 1 G. & H., and not being in writing and signed by the plaintiff, nor by any person thereunto by him lawfully authorized, is invalid. Additional words cannot render this more evident.

The judgment is affirmed, with eight per cent. damages and costs.