Wood *et al. v.* Winings *et al.*

---

WOOD ET AL. *v.* WININGS ET AL.

PARTITION.—*Sale by Commissioner.—Incumbrances.—Lien.—Judgment.—Fraud. —Warranty.—Injunction.*—Real estate sold by a commissioner, in an action for partition, is subject to a prior judgment lien thereon; and, in the absence of fraud or warranty in such sale, he can neither enjoin a sale by the sheriff to satisfy such lien, nor procure an order that the same be satisfied by the commissioner out of purchase-money paid to the latter, by the purchaser, for such real estate.

From the Henry Circuit Court.

*J. M. Brown, J. Brown* and *R. L. Polk,* for appellants. *W. Grose,* for appellees.

PERKINS, C. J.—Appellants filed the following complaint in the Henry Circuit Court:

"Albert Wood and Robert L. Polk, plaintiffs, complain of Joseph Winings and Hiram R. Minor, defendants, and say, that heretofore, to wit, on the 25th day of Sep-

tember, 1871, Micajah C. Fortner and Samuel Winings were the owners in fee simple, each of, the undivided one-half thereof, of the following described real estate, to wit: Commencing at the north-east corner of lot number 2, in block B, in Abbott's addition to the town of Millville, in said county, running thence north fifty feet, thence west one hundred and twenty feet, thence south fifty feet, thence east one hundred and twenty feet, to the place of beginning, being in the east half of the north-east quarter of section 15, township 17, range 11; that on said day the said Micajah C. Fortner and his wife, for a valuable consideration, conveyed his undivided one-half of said real estate to said plaintiff Wood; that afterward, to wit, on the 18th day of March, 1874, said Wood brought suit in the Henry Circuit Court, of said State, against said Samuel Winings and said Joseph Winings, alleging in his complaint that he and said Samuel Winings were the owners in fee simple, each of the undivided one-half, of said real estate, and tenants in common therein, and that said Joseph Winings claimed to be the owner of said real estate, though in fact he had no title thereto or interest therein, and praying that said plaintiff's title be quieted and forever set at rest, and that Joseph Winings be enjoined from claiming title thereto, and that partition thereof might be had, and the said plaintiff's one-half thereof be assigned him; that, at the April term, 1874, of said court, such proceedings were had in such cause, that the said court, then having jurisdiction of the subject-matter of said suit, and of the person of said defendants, Samuel and Joseph Winings, adjudged, that said Samuel Winings and said Albert Wood were the owners in fee simple, and tenants in common, of said real estate, each of the one-half thereof, and that the plaintiff was entitled to partition thereof, and that Joseph Winings had no title thereto, and that he be forever estopped from claiming or setting up his pretended title, and that the plaintiff's title be forever quieted and set at rest; and further, that said

real estate was not susceptible of division without great injury thereto and to the owners thereof. And thereupon, on motion of said plaintiff, it was ordered by said court, that the whole of the said real estate be sold for one-third cash, and one-third in nine and one-third in eighteen months from the day of sale, at public auction, and the court appointed said Robert L. Polk a commissioner, to make sale of said real estate upon said terms, who thereupon filed bond as such commissioner with security to the approval of said court; that said commissioner proceeded, in accordance with said order, to advertise and sell said real estate, and caused the same to be duly appraised on the 4th day of September, 1874; that the same was so appraised at $600, not taking into consideration any liens or incumbrances thereon, the amount of the liens thereon being unknown to said commissioner, said appraisers and said Wood; that afterward, on the 5th day of September, 1874, the said commissioner, having given the requisite notice of the time, place and terms of such sale, sold said real estate at public auction upon the said premises, to said Albert Wood, for the sum of $400, that being the highest price he could obtain therefor and being two-thirds of the appraised value, and he being the best and highest bidder; that afterward, at the April term, 1875, of said court, the said commissioner made report under oath to said court of said sale and his doings therein, and that said sale was made upon the basis of an unencumbered title, and not subject to encumbrances, that said sale was thereupon confirmed by said court; that, at the time of said sale, the said commissioner executed to said Wood a certificate of purchase for said real estate, agreeing therein to execute to him a deed therefor upon the full payment of the purchase-money and upon order of said court; that the first two instalments of said purchase-money, to wit, two-thirds of $400, have been paid by said Wood to said commissioner; that said Samuel and Joseph Winings were present at said sale and had full

opportunity to bid upon said real estate, if they had desired to do so; that, on the 18th day of July, 1871, Robert and Franklin G. Newcome recovered judgment in the court of common pleas of said county, at its July term, against said Micajah C. Fortner, in the sum of one hundred and sixty-five dollars and thirty-five cents, and costs of suit taxed at six dollars and forty-seven cents; that no execution was issued upon said judgment until the 28th day of June, 1875, on which day an execution was issued to the sheriff of said county; that afterward, to wit, on the 21st day of July, 1875, said Robert and Franklin G. Newcome sold and assigned said judgment to said Joseph Winings, which assignment was in writing, upon said judgment, and in these words, to wit:

"'For value received we hereby assign this judgment to Joseph Winings, without recourse, this July 21st, 1875.

"'R. & F. G. NEWCOME,

"'by A. B. KNODE, Agent.

"'Attest R. B. CARR, Clerk.'

"That afterward said Joseph Winings directed the sheriff of said county to levy said execution upon the undivided one-half of said real estate, as the property of said Micajah C. Fortner, and the said defendant Minor, then and now the sheriff of said county, did, on the 9th day of September, 1875, levy said execution upon the undivided one-half of said real estate, and has advertised that he will sell the same as the property of said Fortner, at the court-house door, in Newcastle, at public auction, on Saturday the 2d day of October, 1875; and the plaintiffs aver, that he is about to offer said real estate as aforesaid for sale; that, on the — day of ——, 1868, and long before the date of the said judgment of the said Newcomes, Leon Marks and others recovered judgment in the United States Circuit Court for the District of Indiana, against said Micajah C. Fortner and said Samuel Winings, as partners, in the sum of six hundred and eighty-three dollars and costs of suit; that a part of said judg-

ment has since been paid, leaving, however, due thereon and not paid, of judgment and costs, on the 7th day of August, 1875, the sum of one hundred and five dollars and fifty-four cents; that Ben Spooner, U. S. marshall, by virtue of an execution directed to him from said court, advertised said real estate for sale, as the property of said Fortner & Winings, July 27th, 1875, and the same not being sold on that day, was about to readvertise and sell the same upon said execution; that the said commissioner, on the said 7th day of August, 1875, paid the amount then due thereon, to wit, one hundred and five dollars and fifty-four cents, out of the funds arising from his said sale of said real estate; that so soon as said commissioner, can collect the residue of said purchase-money and pay the costs arising from such partition suit and sale, he is ready and willing to apply the one-half of the residue upon the said Newcome judgment, as he is informed and believes that the same, if a lien at all, is the first and oldest lien against said Fortner, after that of the said Leon Marks *et al.*, provided, in the judgment of the court, it is proper for him to make such application of said funds.

" The plaintiffs therefore pray, that said defendants be perpetually enjoined from selling said real estate under or by virtue of said execution or judgment, and that the title of said Wood be forever quieted and set at rest as against said judgment or any claim thereunder, and pray all necessary relief.                    ALBERT WOOD.
                                              " ROBERT L. POLK.

" State of Indiana, Henry County, ss :

"Albert Wood, being duly sworn, upon his oath says, that the allegations in the foregoing complaint are true, as he verily believes.                    ALBERT WOOD.

" Subscribed and sworn to before me, Sept. 29th, 1875.
                              . " R. B. CARR, Clerk."

A demurrer to the complaint, for want of facts constituting a cause of action, was sustained, exceptions taken, and, in the absence of an application for leave to

Wood *et al. v.* Winings *et al.*

amend, the complaint was dismissed, and exceptions taken to the dismissal.

The sustaining of the demurrer to the complaint is assigned for error.

The complaint shows, that, on the 5th day of September, 1874, the plaintiff Albert Wood, purchased at a judicial sale, the real estate in question, for four hundred dollars. There was no representation, fraud or warranty in the sale.

The real estate, at the time, was encumbered by two judgments. But they were of record, and, but for the apparent gross carelessness and fault of said appellant, would have been known to him before the sale. As it is, he appears to have purchased the property for four hundred dollars, subject to them, and he may have to pay the four hundred dollars, and, in addition, must take care of said encumbrances, or let his property be sold to satisfy them. *Cartright* v. *Briggs*, 41 Ind. 184.

The court did not err in sustaining the demurrer to the complaint. *Baker* v. *Roberts*, 14 Ind. 552; *Brown* v. *Budd*, 2 Ind. 442; *Weakley* v. *Conradt*, 56 Ind. 430.

Public policy forbids that the courts should be occupied in readjusting contracts of parties, and relieving them from the consequences of their own gross carelessness, in cases like this. It would encourage folly, and render an indefinite increase in the number of courts necessary.

The judgment is affirmed, with costs.

Opinion filed at May Term, 1877.

Petition for a rehearing overruled at November Term, 1877.