No. 8791.

83 313|
159 410|
159 411|

## GIBSON v. RICHART ET AL., ADMINISTRATORS.

VENDOR AND PURCHASER.—*Failure of Title.*—*Covenants.*—In the absence of fraud, accident or mistake, a failure of title to real estate conveyed without covenants, when the grantee continues in undisturbed posses-sion under his deed, is no defence to an action for the purchase-price; the general rule being that after conveyance the purchaser has no rem-edy for want or failure of title, even though evicted, except on the cov-enants he has obtained, if there was no fraud practiced by the seller.

SAME.—*Pleading.*—*Copy of Deed.*—If a defence to an action for the pur-chase-price of land be founded on a covenant, a copy of the deed should be made a part of the plea, and the particular breach alleged.

SAME.—*Fraud.*—*Mistake.*—A plea that the vendor of real estate repre-sented that he had a right to convey, and that the purchaser so believed, without alleging a fraudulent intent or showing that the seller knew and the purchaser did not know the facts, does not make a case of either fraud or mutual mistake.

From the Kosciusko Circuit Court.

*S. J. North, J. S. Frazer* and *W. D. Frazer,* for appellant.
*J. W. Cook,* for appellees.

WOODS, J.—Complaint by the appellant against the appel-lees, as administrators of the estate of Reuben Dewart, upon two promissory notes, each for $300, alleged to have been made by the deceased. The circuit court overruled demur-rers to the sixth and seventh paragraphs of the appellees' an-swer; and on these rulings the appellant has assigned error. These paragraphs are not essentially different; we, therefore, give the substance of the sixth only, which is to the effect following:

That Reuben Dewart, during his lifetime, entered into a contract with Mary E. Gibson and Harlan Gibson, for the purchase of the undivided one-sixth part of certain described real estate, at and for the price of $900; that they, the said Mary E. and Harlan Gibson, agreed to convey and repre-sented that they were the owners in fee simple of said (inter-est in said) real estate, and the said Reuben believed that

they so owned the same, and would convey to him a good and sufficient title thereto in fee simple, and, so relying and believing, he made his notes to Harlan Gibson in the sum of $900, the notes in suit being the last two of the notes so executed; and in consideration of the execution of said notes, the said Mary E. and Harlan Gibson undertook to convey the fee of said real estate to the said Reuben, who received the deed, believing that it conveyed to him all of said real estate as represented; that at the time of said conveyance the grantors did not own the one-sixth of the whole of said real estate, but only the undivided one-twelfth, which interest only was conveyed by said deed, instead of one-sixth, which the grantors had expressly agreed to convey; that one-half of the consideration, with interest thereon, had been paid before the commencement of this suit; and in respect to the remainder of the notes yet unpaid the consideration has failed, etc.

This plea is clearly bad. It does not show whether or not the deed contained covenants which had been broken. If there had been a breach of covenant, it should have been so alleged, and a copy of the deed should have been filed with the paragraph. The presumption against the pleader may be indulged, and so the evidence shows the fact to have been, that the deed was a quitclaim merely. It is settled law here, as elsewhere, that in the absence of fraud, accident or mutual mistake, a failure of title to real estate so conveyed is no defence to an action for the purchase-money, and especially must this be so when the grantee continues to hold the deed, and has not been disturbed in the possession under it, and when it does not appear that a hostile or paramount claim has been asserted. See the following cases, all of which recognize, and many of which proceed upon, the doctrine stated: *Laughery* v. *McLean*, 14 Ind. 106; *Small* v. *Reeves*, 14 Ind. 163; *Johnson* v. *Houghton*, 19 Ind. 359; *Terre Haute, etc., R. R. Co.* v. *Norman*, 22 Ind. 63; *Estep* v. *Estep*, 23 Ind. 114; *Coleman* v. *Hart*, 25 Ind. 256; *Shuler* v. *Hardin*, 25 Ind. 386; *McClerkin* v. *Sutton*, 29 Ind. 407; *Starkey* v. *Neese*, 30 Ind.

222; *James* v. *Hays*, 34 Ind. 272; *Cartright* v. *Briggs*, 41 Ind. 184; *Brunner* v. *Brennan*, 49 Ind. 98; *Griner* v. *Butler*, 61 Ind. 362 (28 Am. R. 675); *Jones* v. *Noe*, 71 Ind. 368; *Sebrell* v. *Hughes*, 72 Ind. 186; *Stratton* v. *Kennard*, 74 Ind. 302; *Axtel* v. *Chase*, 77 Ind. 74; *Earle* v. *De Witt*, 6 Allen, 520; *Holden* v. *Curtis*, 2 N. H. 61; *Soper* v. *Stevens*, 14 Me. 133: *Joyce* v. *Ryan*, 4 Greenl. 101; *Botsford* v. *Wilson*, 75 Ill. 132; *Barkhamsted* v. *Case*, 5 Conn. 528 (13 Am. Dec. 92); *Clark* v. *Sigourney*, 17 Conn. 511; *Walsh* v. *Hall*, 66 N. C. 233; *Marvin* v. *Bennett*, 8 Paige Ch. 312; *Owens* v. *Thompson*, 3 Scam. 502; *Beaupland* v. *McKeen*, 28 Pa. St. 124; Rawle Covenants, 567, 568, 586, 600; 1 Sugden Vendors, 222, note *x*.

In 1 Sugden on Vendors, *supra*, it is said: "Generally speaking, a purchaser after the conveyance has no remedy excepting upon the covenants he has obtained, and though evicted for want of title, and, however fatally defective the title may be, if there is no fraudulent concealment on the part of the seller, the purchaser's only remedy is under the covenants."

In Rawle on Covenants, fourth edition, in the chapter entitled "The purchaser's right at law to recover back or detain purchase-money," after the introductory paragraph, discussing the distinctions between the rules governing the relations of the vendor and purchaser before and after execution of the deed, on page 566, it is said: "But when the contract has been consummated by the execution and delivery of the deed, a different rule comes in. Being thus consummated, any inconsistencies between the terms of the contract and the terms of the deed are, in general, to be governed solely by the latter, into which the former are merged, and the purchaser's only right to relief from defects or encumbrances, whether at law or in equity, depends, in the absence of fraud, solely upon the covenants for title which he has received."

That the plea under consideration does not show any fraud is evident. The vendors, it is alleged, represented that they owned and could convey one-sixth, and the appellant so be-

lieved; but that his belief was caused by the representation, or that his knowledge of the facts concerning their title and right to convey was any less than theirs, is not alleged, and it is not charged that the representation was made with the intent to defraud. In order to show that a party has been misled by a fraudulent misrepresentation, it must be shown that he was ignorant of the truth of the matter, and that under the circumstances he had a right to rely on the representation. The evidence in the case shows that the appellant must have known all the facts concerning the title which he was purchasing as well as did the vendors themselves, and if he relied on the representations made, it was a mistake of law, and not a deception in reference to a matter of fact. The evidence, of course, can not affect the decision on a demurrer, and is referred to here only for the purpose of illustrating the wisdom of the rule which requires in pleading a statement of the facts, and not of legal conclusions merely.

It is claimed, however, that the plea shows a case of mutual mistake between the vendors and the vendee as to the quantity of interest which was conveyed. It is clear that the plea was not drawn, nor can it be maintained upon that theory. No mistake is alleged, and if any is inferable from what is alleged, it is not shown to have been a mistake of fact. The contrary not being averred, it may be presumed that one party knew as much concerning the title as the other, and if there was a mutual mistake between them it was not of fact, but of law. This conclusion accords with the evidence which shows that the lands in question were owned in part by the appellant and in part by the said Mary E. Gibson, under titles derived from a common ancestor, and if either of them had the advantage of a superior knowledge of the facts, the appellant, being a man and the older, presumably had it. If there had been a material mistake of fact, the appellant, by taking the proper steps, might doubtless have been entitled to a rescission of the contract. *Johnson* v. *Houghton, supra; Mar--*

*tin* v. *McCormick*, 8 N. Y. 331. But the authorities already cited show that, continuing in possession under his deed, which is without covenants, or continuing to hold the deed itself, he can not make a defence against a suit for the purchase-money on account of either entire or partial failure to obtain the title which he bargained for. In such a case it can not be said either in law or equity, that there was a want, or that there has been a failure, of consideration.

Judgment reversed, with instructions to sustain the demurrers to the sixth and seventh paragraphs of answer.