Ashley *et al. v.* Foreman.

---

No. 8721.

## ASHLEY ET AL. *v.* FOREMAN.

PLEADING.—*Estoppel.—Covenants.—Written Instrument.—Exhibit.*—A reply whereby the plaintiff seeks to estop the defendant from making a defence by him pleaded, by reason of written covenants of the defendant to the plaintiff, that the facts were other than as the defendant has pleaded, but not exhibiting a copy of the instrument containing the covenants, is bad.

SAME.—*Bad Reply to Bad Answer.*—A bad reply to a bad answer will be held good on demurrer.

PROMISSORY NOTE.—*Consideration.—Lease.—Assignment.—Eviction.*—To a suit on a promissory note payable to the plaintiff, the defendant answered failure of consideration, in that the consideration was the assignment to him by A. of a lease which had been forfeited, and that the landlord had by suit evicted the defendant therefrom.

*Held,* that the answer was bad on demurrer, it not appearing that there was fraud or any covenants in the assignment.

SAME.—*Mortgage.—Release.*—A. held a leasehold estate which he had mortgaged to the plaintiff, and thereupon he assigned the lease as to a portion of the lands to the defendant, who, in consideration that the plaintiff released the mortgage to the portion so assigned, with the consent of A., made the note in suit payable to the plaintiff.

*Held,* that whether the plaintiff received the note as collateral security for the debt of A. or as payment thereof, the consideration, as between the plaintiff and defendant, was the release of the mortgage.

SUPREME COURT.—*Verdict.*—*Erroneous Instruction.*—Where a verdict is clearly right on the evidence, the Supreme Court will not disturb it, though erroneous instructions have been given.

From the Owen Circuit Court.

*J. A. McNutt, S. W. Curtis, E. S. Holliday, T. A. Hendricks, A. W. Hendricks, C. Baker, O. B. Hord, R. Hill* and *J. W. Nichol,* for appellants.

*S. Claypool* and *W. A. Ketcham,* for appellee.

BICKNELL, C. C.—This suit was commenced in the superior court of Marion county, and was taken thence to Putnam county, and thence to Owen county, by changes of venue.

It was an action by the appellee against the appellants, upon their promissory note, payable to the appellee.

The defendants answered jointly in two paragraphs.

In the first paragraph they admit the execution of the note by Ashley as principal and Scott as surety, and plead a failure of consideration, to wit: That Bolin leased to Wingate and others certain coal lands, they agreeing to pay a monthly rent, and work the mines so that such rent should be not less than $1,600 a year; that said lessees began said work, and then assigned their lease to Morris, he covenanting with them to fulfil all their agreements as lessees, and that in default thereof the assignment to him should be void; that Morris afterwards assigned the lease to Woodruff & Cotton, who sublet part of the leased premises, in all 90 acres, to Ashley; that the note in suit was given for said sublease, and was made payable to the plaintiff, at the request of Woodruff & Cotton, who gave the note to plaintiff as collateral security for a pre-existing debt; that when Woodruff & Cotton sublet the 90 acres to the appellant Ashley, they were largely in arrears upon the rent of the premises; that Bolin, the original lessor, had recovered a judgment against Wingate and others, the original lessees, for such arrears; and they had brought suit against Woodruff & Cotton, and had the assignment to them declared forfeited, and had obtained a perpetual

injunction against Woodruff & Cotton and Ashley, restraining them from any work upon said premises, whereby said Ashley was evicted, etc., and the consideration of the note had failed.

The second paragraph of the answer states all the facts alleged in the first paragraph, and also that Woodruff & Cotton pretended to be the owners of said lease and the machinery, coal shaft and fixtures appertaining thereto; that, when said note was given, Woodruff & Cotton held the premises by assignment from Morris, who was the assignee of Wingate and others, the original lessees; that, by the terms of the lease to Wingate & Co., they were bound to sink a shaft and work the mine so as to produce a monthly rental equal to $1,600 a year; that the note in suit was given in part payment for the purchase-money of said lease, shaft, machinery, and fixtures, which said Ashley bought from Woodruff & Cotton, who were then in possession thereof, and said note was, by their direction, made payable to the appellee, from whom none of the consideration of the note moved, and who had no interest in said leased premises and their appurtenances; that Woodruff & Cotton owed $2,000 arrears of rent for said premises; that Bolin, the lessor, had sued Woodruff & Cotton, and Wingate & Co., to recover said arrears; that Wingate & Co., in said suit, had filed a cross-bill against Woodruff & Cotton, and that the result of this litigation was, that Bolin recovered a judgment against all the parties for the rent due, and Wingate & Co. obtained a decree declaring their assignment to Morris forfeited; that afterwards Wingate & Co., in a suit against the appellant Ashley and said Woodruff and others, obtained a judgment that the said Wingate & Co. were the lawful owners of said lease, shaft, machinery and fixtures, and also obtained an injunction forbidding said defendants from working said machinery, etc., or mining in said leased premises; whereby the appellant Ashley has been evicted, and has wholly lost said leasehold estates, shaft, machinery and fixtures, and the consideration of said note has wholly failed.

There was no demurrer to either of the foregoing answers.
The plaintiff replied in three paragraphs, to wit:

1st. The general denial.

2d. That the final judgments, mentioned in said answers, were rendered by reason of the default of said Ashley, in failing to pay the rent due upon his ninety acres, and not by the failure of Woodruff & Cotton to pay rent on the residue of said premises; that said Ashley had agreed with Woodruff & Cotton to perform all the stipulations of the original lease as to the said ninety acres, and failed to do it, but Woodruff & Cotton paid all that was due on that part of the leased premises retained by them.

3d. That the plaintiff, before the execution of the note in suit, held a mortgage executed by Woodruff & Cotton upon all of said leased premises and the appurtenances thereof, for the sum of $15,000, to secure a debt due her from them, and that Ashley being about to purchase said lease as to said ninety acres, and being desirous to relieve said ninety acres from the lien of said mortgage, proposed to plaintiff that if she would release said ninety acres from said mortgage, he would give her his own notes, with Scott as surety, for the aggregate sum of $6,960, to wit, three notes with eight per cent. interest, payable in one, two and three years, and would secure said notes by his own mortgage on said ninety acres, and its appurtenances, which proposition plaintiff accepted, and did release said ninety acres, etc., from the lien of said $15,000 mortgage, and in consideration thereof said Ashley had the said three notes, one of them being the note in suit, made payable to the plaintiff, and on January 3d, 1877, executed to plaintiff his own mortgage as aforesaid, which was duly acknowledged and recorded on the 12th day of February, 1877. Wherefore plaintiff says that the consideration of said notes has not failed, and the plaintiff is a holder thereof for value.

The plaintiff, by leave of court, filed a fourth paragraph of reply, to wit:

4th. Plaintiff admits the execution of the original lease and its assignment by Wingate & Co. to Morris, and by Morris to Woodruff & Cotton, and says that, while Woodruff & Cotton held the lease, they owed the plaintiff $15,000, and, to secure said debt, mortgaged said leased premises and other lands to plaintiff, which mortgage was duly acknowledged and recorded in the county of Clay, where said leased property was, and where said mortgagors resided; that the appellant Ashley wished to purchase ninety acres of said leasehold property, with its appurtenances, and in order to procure the release thereof from the lien of said mortgage, agreed with plaintiff, that if she would release said property he would give her his three notes, aggregating $6,960, as collateral security for so much of her said mortgage; that said notes should be signed by Ashley and Horace Scott, and that Ashley would secure said notes by a mortgage on said ninety acres; that said agreement was executed, the plaintiff released said ninety acres from the lien of her mortgage, and Ashley gave her said three notes, of which the note in suit is one, and executed to her a mortgage as aforesaid to secure the same; and said plaintiff says, that, by reason of said last mentioned mortgage, the appellants are estopped from claiming that they have not a good title to said ninety acres, etc.

The appellants' motion to strike out the fourth paragraph of the reply was overruled, and the appellants' demurrer to said fourth paragraph for want of sufficient facts, etc., was also overruled. The issues were tried by a jury, who returned a verdict for the plaintiff for $2,882.87. The appellants' motion for a new trial was overruled; judgment was rendered upon the verdict, and this appeal was taken.

The errors assigned are that the court erred in overruling the demurrer to the fourth paragraph of the reply, and in overruling the motion for a new trial.

The counsel for the appellee have not furnished a brief.

The appellants claim that the fourth paragraph of the reply was insufficient, because, although it avers that a copy of the

mortgage for $15,000, executed by Woodruff & Cotton to the appellee, is filed with and made part of the reply, and also that a copy of the mortgage made by Ashley to the appellee to secure the three notes, of which the note in suit was one, is filed with and made part of the reply, yet in fact no copy of either of said mortgages was filed with or made part of the reply.

The allegations of the reply as to the mortgage by Woodruff & Cotton to the plaintiff are as follows: " By which mortgage they covenanted the title in and to said leased property to be good and perfect; a copy of said mortgage or bill of sale, containing a copy of said note of Woodruff & Cotton to plaintiff, is filed herewith as a part hereof,' the same as if said note and mortgage were herein fully copied and set out."

In this reply the covenants in the mortgage are relied on. The reply neither sets out the mortgage nor gives a copy of it. It was, therefore, insufficient. *Douglass* v. *Keehn,* 71 Ind. 97 ; *Brown* v. *State, ex rel.,* 44 Ind. 222 ; *Cook* v. *Hopkins,* 66 Ind. 208 ; *Galbreath* v. *McNeily,* 40 Ind. 231 ; *Coleman* v. *Hart,* 25 Ind. 256 ; *Woodford* v. *Leavenworth,* 14 Ind. 311.

The allegations of the reply as to the mortgage by Ashley to the plaintiff are as follows:

" That after said release said Ashley purchased said last described property from said Woodruff & Cotton, and, pursuant to his agreement, made and executed the three notes above mentioned, signed by himself and Horace Scott, and also made and executed the mortgage to secure the payment of said three notes. A copy of said mortgage is herewith filed and hereof made part, the same as if it were herein fully copied. Said property mentioned in said last mentioned mortgage is the same property as, and none other than, the property set out and described in the lease from Bolin to Wingate, Ackelmire and Andrews, and the same property from which the defendants allege they have been evicted, and which they allege has been taken from them under the decree of the Clay Circuit Court, as in said answer alleged. And said plaintiff

alleges that, by reason of the last mentioned mortgage, the said Ashley and Scott are estopped from asserting and claiming that they have not a good title in and to said leasehold property."

Here the reply is founded upon Ashley's mortgage as creating an estoppel. If the defendants are to be estopped by the legal effect of a writing the original or a copy of it must be set forth. *Coleman* v. *Hart, supra.* The fourth paragraph of the reply, therefore, was also defective, for want of a copy of Ashley's mortgage; but the reply was good enough for the answer. *Starkey* v. *Neese,* 30 Ind. 222. The defendants in each paragraph of the answer undertake to show failure of consideration. They aver that the note was given in payment for certain leasehold property, to which the title failed, and from which they were evicted, but there is no allegation of fraud or breach of covenant, and, for aught that appears in either paragraph of the answer, Ashley may have had a quit-claim title only. There is no copy of his lease annexed to the answer. In *Laughery* v. *McLean,* 14 Ind. 106, this court said: "The deed is not set out, nor is it averred in the answer that it contained any covenants of seizin, right to convey, or any other covenants whatever. If the deed contained any covenants that were broken, the original or a copy thereof should have been filed as the foundation of the defence (Code, § 78), and there should have been such facts averred as would show a breach of the covenants relied upon. * * * For aught that appears, the conveyance was a mere quitclaim, without any warranty whatever; and in such case, in the absence of fraud, a want or failure of title can not be set up in bar of the action for the purchase-money." This case was followed in *Coleman* v. *Hart, supra,* and in *Starkey* v. *Neese, supra; Jenkinson* v. *Ewing,* 17 Ind. 505; *Church* v. *Fisher,* 40 Ind. 145. There was no error, therefore, in overruling the demurrer to the fourth paragraph of the reply. *Ætna Ins. Co.* v. *Baker,* 71 Ind. 102. The demurrer to the reply might have been properly sustained as to each paragraph of the answer. *Ætna Ins. Co.* v. *Baker, supra.*

The other error assigned is overruling the motion for a. new trial.

The reasons assigned for a new trial were:

1st. The verdict is contrary to the law and to the evidence.

2d. The verdict is contrary to the evidence.

3d. The court erred in refusing to permit defendants to introduce and read in evidence to the jury the duly certified transcript of the judgment and proceedings in the Clay Circuit Court, in the case of John F. Ackelmire, Robert M. Wingate and John Andrews against Amos H. Woodruff, Addison J. Trunkey, Jerome H. Trunkey and John Ashley, as shown by bill of exceptions No. 1.

4th. Error of the court in refusing to permit defendants to introduce and read in evidence to the jury the transcript of the judgment and proceedings in the case of *John Bolin* v. *Robert M. Wingate, John Andrews, John G. Ackelmire, Austin D. Cotton and Amos H. Woodruff,* as shown by bill of exceptions No. 2.

5th. Error of the court in refusing to permit defendants to introduce in evidence and read to the jury the transcript of the judgment and proceedings of the Clay Circuit Court, in the case of *John Bolin* v. *Robert M. Wingate, John G. Ackelmire, John Andrews, Amos H. Woodruff and Austin D. Cotton,* as shown by bill of exceptions No. 3.

6th. Error of the court in giving instructions Nos. 1, 2, 3, 4, 5, 6, 7, 8 and 10.

It appeared in evidence, that Woodruff & Cotton were lessees of certain lands, with the privilege of mining coal therein, and that their lease was liable to forfeiture upon non-payment of certain stipulated royalties. They had mortgaged their interest to Mrs. Foreman, the appellee, to secure $15,-000 borrowed by them from her. Ashley desired to purchase from Woodruff & Cotton 90 acres of the leased property and the coal privileges thereto appertaining, but he could not take the property subject to such a mortgage; an agreement was then made between Woodruff & Cotton and Mrs. Foreman,

the appellee, and Ashley, by which Woodruff & Cotton were to transfer the 90 acres and its coal privileges to Ashley, and Mrs. Foreman was to release said 90 acres from the lien of her mortgage, and Ashley was to give his notes for the price of the 90 acres, one of them being the note in suit; all of said notes to be made payable to and delivered to Mrs. Foreman, in consideration of her releasing said 90 acres from the lien of her $15,000 mortgage, and said notes to be secured to Mrs. Foreman by a mortgage of said 90 acres and appurtenances by Ashley to her. This agreement was fully carried into effect, and this suit is upon one of those notes. The defendants were seeking to show, as a defence to said note, that Woodruff & Cotton failed to pay their royalties, whereby their lease was declared forfeited, and Ashley lost his 90 acres, which the defendants alleged was the real consideration of the note; but, as between Ashley and Mrs. Foreman, the real consideration of the note was the release by her of the 90 acres from the lien of the $15,000 mortgage; it was that release which enabled Ashley to purchase the 90 acres, and for that, by consent of Woodruff & Cotton, he gave the note; the forfeiture of the lease and the subsequent loss by Ashley of the 90 acres did not affect the consideration of the note as between Ashley and Mrs. Foreman, and were no defence against the note, and whether she took the note as payment of so much of her claim against Woodruff & Cotton, or only as collateral security, is immaterial, as in either case her right of action upon the note was perfect.

The verdict, therefore, was not contrary to the evidence, and not contrary to law, and there was no error in rejecting the record evidence mentioned in the reasons for a new trial. That evidence was immaterial and irrelevant.

The merits of the cause having been fairly tried and determined in the court below, and a just result having been reached upon the evidence, this court will not consider whether the instructions were absolutely correct in every particular. Practice Act, secs. 101, 580; *Hedge* v. *Sims*, 29 Ind. 574.

Ashley *et al. v.* Foreman.

There was no substantial error in overruling the motion for a new trial. The judgment of the court below ought to be affirmed.

PER CURIAM.—It is therefore ordered by the court, upon the foregoing opinion, that the judgment of the court below be and it is hereby in all things affirmed, at the costs of the appellants.

## ON PETITION FOR A REHEARING.

BICKNELL, C. C.—In this petition it is claimed that the established rule of this court, to wit: that a demurrer searches the record, and that a bad reply is good enough for a bad answer, ought to be overruled; but that rule was adopted more than twenty years ago, upon full consideration, as a result of the amendment of section 54 of the civil code of 1852, which amendment took effect on August 17th, 1855. It would be an unwarrantable innovation to change that rule now.

It is also claimed that the answers were not bad, because the lease was not real estate, but only a chattel real. The answers, however, alleged eviction, and where there is a written transfer of such property, and the writing is relied on as a defence, by reason of the covenants in it which are alleged to be broken, it is just as necessary that a copy of the writing be annexed to the answer as it is upon a like transfer of real estate. Upon this point we adhere to the principal opinion.

The last point made in the petition is that the motion for a new trial ought to have been granted. This point was fully considered in the principal opinion. We need not repeat its statements. There was really no valid defence to the note. The petition for a rehearing ought to be overruled.

PER CURIAM.—The petition for a rehearing is overruled.